Morgan et al. v. Jones.—Syllabus.

C. C. MORGAN AND HILTON S. HAMPTON, APPELLANTS, v. JOHN L. JONES, APPELLEE.

52    543
cc59   542

1. When a bill in chancery is filed for the removal of clouds from the title, to which a demurrer is interposed and the court makes an order sustaining the demurrer and dissolving a restraining order previously granted, and makes a further order upon a petition for rehearing of complainant, in which it is recited that such petition was denied on the ground that the complainant by his bill shows that he is not entitled to the relief sought by reason of defects in his title, the bill was properly dismissed.

2. When a petition of complainant for rehearing has been filed and denied by the court and the bill dismissed, it is error for the court to amend the decree dismissing the bill, upon the application of complainant, by making such dismissal "without prejudice to the complainant to institute such further or other actions in the premises as he may be advised," especially after the court has already found that the title of complainant was fatally defective.

3. A petition to amend a final decree, filed after a petition for rehearing has already been filed and denied, should be denied, when such petition is in effect a petition for rehearing and is not filed within the time prescribed by Equity Rule 90 and there has not been a compliance with the requirements of such rule and of Section 1452 of the Revised Statutes of 1892.

4. Errors urged upon appeal in a chancery case by the appellee cannot be considered by this court unless the appellee has filed cross-assignment of errors, as required by Special Rule 4, adopted March 2, 1905.

This case was decided by Division A.

Appeal from the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*Davis & Hampton,* for Appellants;

*Treadwell & Treadwell,* for Appellee.

SHACKLEFORD, C. J.: The appellee filed his bill in chancery against the appellants in the Circuit Court for De-Soto county, seeking therein the removal of certain clouds from the appellee's title to a certain described parcel of land and also praying for an injunction against appellants to prevent the cutting and removal of timber from the land. The appellants filed an answer to the bill, incorporating a demurrer therein, which demurrer came on for a hearing, in the absence of the Circuit Judge of the Sixth Judicial Circuit, before the Circuit Judge of the Fourth Judicial Circuit, by whom a decretal order was made, dated the 15th day of August, 1905, sustaining the demurrer and dissolving the injunctional order previously granted. On the 13th day of September, 1905, the appellee filed a petition for rehearing, which came on to be heard before the Circuit Judge of the Sixth Judicial Circuit, by whom the following order was made: "After an exhaustive examination of all the authorities within reach of the court and a careful consideration of the questions involved, the foregoing petition is denied on the ground that the complainant by the averments of his bill shows that he is not entitled to the relief sought, the deed of Wickham to Thomas Mansfield, through whom complainant claims, being under the statutes of Florida absolutely null and void. Nov. 21, 1905.    J. B. Wall, Judge."

On the 12th day of December, 1905, the court also made

the following decree: "This cause coming on to be heard on petition of complainant for a rehearing and for setting aside the order and decree heretofore made by this court dissolving the injunction and dismissing the amended bill; It is ordered and decreed that said petition for rehearing be denied and the bill and amended bill stand dismissed as heretofore ordered. Done & ordered at Chambers at Tampa, Florida, this December 12th, 1905.

J. B. Wall, Judge."

On the 29th day of January, 1906, the appellee filed a petition to amend the final decree, which is as follows: "Your petitioner, John L. Jones, respectfully represents unto your Honor that he was the complainant in a certain cause pending in said court on the chancery side thereof, wherein the said C. C. Morgan and H. S. Hampton were defendants; that your Honor on the 12th day of December, 1905, made an order therein denying the complainant's petition for rehearing and dismissing the complainant's original and amended bill.

Your petitioner further respectfully represents unto your Honor that since the date of said order and decree, information has come just recently from authentic sources to your petitioner's solicitors that the said defendants are now in actual possession of said property, in said amended bill described, and if said statement is true an action of ejectment now is your petitioner's only remedy in the premises.

Wherefore your petitioner prays that your Honor will so amend and modify said order and decree, dated as aforesaid, so that the same will read after the word 'ordered' on the 6th line thereof, as follows: 'without prejudice to the complainant to institute such further or other actions

35—S. C.

in the premises as he may be advised. And your petitioner will ever pray."

On the same day the petition was filed the court made the following order thereon: "This cause coming on to be further heard upon the application of the complainant John L. Jones to modify and amend the final decree herein made on the 12 day of December, 1905, and the court being fully advised in the premises:
final decree herein made on the 12th day of December, 1905, and the court being fully advised in the premises:

It is thereupon ordered, adjudged and decreed that the final decree herein made and entered on the 12th day of December, 1905, be and the same is hereby modified and amended so as to read after the word 'ordered' in the sixth line thereof as follows: without prejudice to the complainant to institute such further or other actions in the premises as he may be advised.

Done and ordered at Tampa, Florida, on this the 29th day of January, 1906.        J. B. Wall, Judge."

From this order the appellants entered their appeal to the present term of this court, assigning two errors, both of which are based upon the granting of the order amending the final decree.

Section 1452 of the Revised Statutes of 1892, and Equity Rule 90, found on page 59 of the Rules of Practice published as a prefix in 14 Fla., prescribe the form and contents of a petition for a rehearing, the verification thereof and the time within which it shall be filed. As to the office of a petition for rehearing see Finlayson v. Lipscomb, 15 Fla. 558. We would also refer to McLane v. Piaggio Bros. 24 Fla. 71, text 87, 3 South. Rep. 823, text 830; Bloxham v. Florida Cent. & P. R. Co., 39 Fla. 243, 22 South. Rep. 697, as being instructive.

Even if the petition was the proper procedure at that stage of the cause, in which an amendment of the final decree was sought, which, to say the least, is doubtful, and even if it had been filed within the time prescribed by Equity Rule 90, which was not the case, and even if the appellants had been given due notice of the time and place of hearing such petition, which does not appear to have been done, no such showing was made in the petition as to warrant the amendment of the decree which was made. See 16 Cyc. 504 to 509 inclusive, and authorities cited in notes; 5 Ency. of Pl. & Pr., 1047 *et seq.* The maxim *interest reipublicae ut sit finis litium* is applicable. If, according to the finding of the court, the title of the appellee was fatally defective, appellants were entitled to prevail and the bill was properly dismissed under the decree made December 12th, 1905. Moreover, we see no useful purpose to be accomplished by a dismissal without prejudice. The defect in the appellee's title having been so found by the court could be successfully pleaded by appellants in any other action which appellee might institute against them for the same subject matter.

Equity Rule 87 has no applicability, as it is not a clerical mistake in the decree that the petition seeks to have corrected. Nothing said herein is in conflict with Meffert v. Thomas, 51 Fla. 40 Southern 764.

We cannot consider any of the errors urged before us by the appellee, for the reason that he has not filed any cross-assignment of errors, as required by Special Rule 4, adopted March 2, 1905.

The decree appealed from must be reversed, and it is so ordered, at the cost of the appellee.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.