JOHN L. JONES, *Appellant*, v. C. C. MORGAN, E. J. REGISTER AND HILTON S. HAMPTON, *Appellees*.

FORMER ADJUDICATION—WHAT MATTERS PRECLUDED BY.

1. The plea of *res judicata* applies to every objection urged in a second suit, when the objection was open to the party within the legitimate scope of the pleadings of the former one and might have been presented in it.

2. In an action upon the same claim or demand the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim, but also as to every matter which might and should have been litigated in the first suit.

This case was decided by Division B.

Appealed from the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*Treadwell & Treadwell,* for Appellant;

*J. W. Burton* and *H. S. Hampton,* for Appellees.

TAYLOR, J.—This is the second appearance of this litigation in this court. For a complete statement of the facts see the case of Morgan v. Jones, 52 Fla. 543, 42 South.

Rep. 242.  Since the mandate of this court in the case was sent to the court below, that court, in obedience to said mandate, entered its decree of final dismissal of the complainant's bill.  Since that time the same complainant in the former bill, John L. Jones, has again filed another bill in the Circuit Court of DeSoto County against the same defendants C. C. Morgan and Hilton S. Hampton for identically the same cause of action and praying the same relief as in his first or former bill, adding to the last bill one E. J. Register as a new party defendant.  To this last bill the defendants have interposed the plea of *res judicata*. This plea was sustained by the court below and the complainant's new bill was dismissed, and from this decree the complainant appeals to this court assigning said decree as error.  There was no error here.  The new bill involves identically the same subject-matter and issues as did the former bill and is between the same parties with the exception of the new defendant E. J. Register, and he is shown to be in privity with the two defendants in the former bill being a purchaser of the property in controversy from them since the adjudication of the former case.  Some additional facts are alleged in the last bill that were not contained in the former, but all such matters might have been alleged and litigated therein, and are not sufficient to overturn the propriety of the former disposition of the cause.  The plea *res judicata* applies to every objection urged in a second suit, when the objection was open to the party within the legitimate scope of the pleadings of the former one and might have been presented in it.  Herman's Law of Estoppel, p. 179.

In an action upon the same claim or demand the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim, but also as to every matter which might and should

have been litigated in the first suit. 24 Am. & Eng. Ency. Law (2nd ed.) p. 714.

The decree of the court below in said cause is hereby affirmed at the costs of the appellant.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.