FRED W. BARSE, *Plaintiff in Error,* vs. MARY E. WHALEY, ET AL., *Defendants in Error.*

135 So. 879.

Division A.

Opinion filed July 9, 1931.

Petition for rehearing denied July 29, 1931.

*Carlton & Owens,* for Plaintiff in Error;

*Wm. Hunter, Gibbons & Gibbons* and *Shackleford, Ivey, Farrior & Shannon,* for Defendants in Error.

BUFORD, C.J.—On November 1, 1924, Fred W. Barse exhibited his bill of complaint in the Circuit Court in and for Hillsborough County in which he sought to have a certain conveyance appearing on its face to be a deed absolute, executed by himself and wife to A. D. Whaley, conveying certain property therein described and dated March 6th, 1913, decreed to be a mortgage.

Complainant in that suit prayed for an accounting and that the conveyance be cancelled upon the payment of the amount found to be due by the complainant to the defendant. Whaley answered defending the suit upon the theory that the conveyance was a deed absolute, was not a mortgage and that the vendors had remained in possession of the property as his tenants under a rental contract. In that suit final decree was rendered on the 18th day of February, 1926, as follows:

"This cause coming on to be heard on Thursday, February 11th, A. D. 1926, upon the Bills of Complaint filed herein by the Complainant, Fred W. Barse, and wherein he sought to have that certain warranty deed executed

by him and his wife to A. D. Whaley, December 1st, A. D. 1916, and recorded in Deed Record 251, on page 184 in the office of the Clerk of the Circuit Court of Hillsborough County, Florida, declared to be a mortgage and asking that he be decreed the right to redeem the property thereby conveyed, to-wit:

'Lots Three (3) and Four (4) of Block One (1) of Lykes Subdivision according to the map thereof as the same is recorded in Plat Book One (1) on page Thirty-five (35), Records of Hillsborough County, Florida,'

and upon the answer of A. D. Whaley and upon the Master's Report filed in this cause; and the Court having considered the pleadings in this cause and having carefully studied the testimony offered in behalf of both parties to this suit, and having heard the argument of counsel for the respective parties; and it appearing therefrom to the satisfaction of the Court that the intention of the parties at the time of the execution of said warranty deed was not that the transaction constituted a mortgage, but that the transaction was a deed absolute to A. D. Whaley with an option to re-purchase by Fred W. Barse, which option was permitted to expire, it is, therefore,

Ordered, Adjudged and Decreed that the equities are with the defendant, A. D. Whaley, and that the complainant, Fred W. Barse, having failed to sufficiently sustain the allegations of his Bills of Complaint, be and he is hereby denied the relief prayed for.

It is further Ordered, Adjudged and Decreed that this cause be, and the same is hereby forever dismissed at the costs of the complainant, Fred W. Barse.

Done and Ordered at Tampa, Florida, this 18th day of February, A. D. 1926.''

From that decree appeal was taken to the Supreme Court and on July 19th, 1927, the decree was affirmed. See 94 Fla. 295, 114 Sou. 319.

Thereafter, on October 1st, 1928, the appellees here, Mary E. Whaley, W. L. Pearson and Citizens Bank & Trust Company, as Trustees under the Last Will and Testament of Arthur D. Whaley, deceased, filed suit in ejectment against Fred W. Barse to recover possession of ''Lots Three (3)

and Four (4) in Block One (1) of Lykes Subdivision, according to the map thereof as same is recorded in Plat Book 1 on page 35 of the Public Records of Hillsborough County, State of Florida'' which was the identical land involved in the former suit in which Barse was plaintiff and A. D. Whaley was defendant. Barse filed plea of not guilty. The case resulted in a verdict for the plaintiffs. The force and effect of the conveyance from Barse to Whaley was adjudicated in the original suit. And, therefore, any question as to the force and effect of that instrument was forever set at rest by the affirmance of the final decree in that case.

It was shown that subsequent to the decree in that suit Whaley had died testate and that under the Will the plaintiffs in this suit were authorized to maintain the action as Trustees under his Will.

The Question as to whether or not Barse from the date of executing the conveyance to Whaley had maintained possession of the property adverse to Whaley or as his tenant was put in issue in the original suit and was determined by the decree therein.

In Hay vs. Salisbury, 92 Fla. 446, 109 Sou. 617, this Court held:

"The foundation principle upon which the doctrine of res judicata rests is that parties ought not to be permitted to litigate the same issue more than once, that, when a right or fact has been judicially tried and determined by a court of competent jurisdiction, or an opportunity for such trial has been given, the judgment of the court, so long as it remains unreversed, should be conclusive upon the parties, and those in privity with them in law or estate. 15 R. C. L., p. 953.

Public policy and the interest of litigants alike require that there be an end to litigation, and the peace and order of society demand that matters distinctly put in issue and determined by a court of competent jurisdiction as to parties and subject matter shall not be retried between the same parties in any subsequent suit in any

court. The doctrine of res judicata not only puts an end to strife, but produces certainty as to individual rights and gives dignity and respect to judicial proceedings which otherwise would be endless. 15 R. C. L., p. 954.''

In Sauls, et al, vs. Freeman, et al., 24 Fla. 209, 4 Sou. 525, this Court held:

"A judgment on the merits is an absolute bar to a subsequent action on the same claim, and concludes the parties and their privies, not only as to every matter which was offered and received to sustain or defeat the claim, but also as to any other admissible matter that might have been offered for either purpose. The admission by the pleadings of material facts does not constitute an exception to the rule.''

The defendant in the court below attempted to set up as a defense adverse possession for the statutory period of seven years.

The decree in the original suit was filed February 18th, 1928, while the bill of complaint in that suit was filed November 1st, 1924. Therefore, he was precluded by the effect of the decree in that suit from claiming adverse possession prior to the date of filing his bill, and as the instant suit was filed on October 1st, 1928, only three years and eleven months had elapsed during which he could claim adverse possession.

No reversible error being found in the record, the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.