W. D. McADOO v. INTERNATIONAL REALTY ASSOCIATES, INC.

182 So. 241.
Opinion Filed June 13, 1938.

*Edwin R. Dickenson* and *Robert W. Patton,* for Appellant;

*Mabry, Reaves, Carlton & White,* for Appellee.

BUFORD, J.—Bill of complaint was filed on July 20, 1937, in which it was sought to have an accounting and discovery, to set aside a decree of foreclosure and to cancel a deed made under that decree by which certain lands were conveyed to the defendant International Realty Associates, Inc., and to cancel and set aside a certain quit-claim deed made by plaintiff to defendant on December 3, 1928.

The ground for the relief was alleged to be fraud and deception.

The plaintiff averred that he did not discover the alleged fraud and deceit of the defendant until the month of November, 1935.

The defendant filed motion to strike the bill of complaint and to dismiss the cause, alleging as follows:

"Comes now the above named defendant, by its undersigned attorneys, and shows to the court that the above styled cause was instituted in direct contravention and violation of the final decree of this Honorable Court, dated the 27th day of December, 1935, entered in that certain cause then pending in this Court, Chancery No. 17359, wherein International Realty Associates, Inc., *et al.,* were plaintiffs and W. D. McAdoo, *et al.,* were defendants, a copy of the said decree, omitting only the description of the property, and a copy of the bill of complaint in said cause, omitting the exhibits thereto, being hereto attached marked Exhibits 'A' and 'B' and made a part of this motion.

"Defendant avers that the properties involved and described in said bill of complaint and in said decree were and are the same properties involved and described in the bill of complaint of the said W. D. McAdoo above captioned, viz.: The Bill of complaint in this cause.

"Defendant shows that all of the charges of fraud and deception made by the said McAdoo against the defendant

in this cause are false, and that the institution of said cause and the filing of said bill of complaint constitute but another step in the persistent attitude of the said plaintiff McAdoo to harass this defendant and cloud and menace its title to the said property, and obstruct it in the disposition of said properties, and that said bill of complaint was filed notwithstanding the injunctional order of this Honorable Court forbidding the said plaintiff so to do.

"Defendant further calls the attention of the Court specifically to the fact that it is averred in paragraph 13 of the said bill of complaint that the plaintiff in November, 1935, 'discovered for the first time that the defendant had not expended for permanent improvements the said sum of $240,000.00, and in fact not more than $25,000.00, etc., and that the date of said discovery as averred by the plaintiff, was a month or more before the date of the final decree of this court in Chancery No. 17359, and that it was the privilege and duty of the said plaintiff if he learned the matters and things now averred by him, or any matter or thing affecting the merits of the cause then pending before this Honorable Court, to have brought the same to the attention of this Honorable Court in that cause, but defendant avers the facts are that said claim is false, and for that reason was not and could not have brought to the attention of this Court.

"By reason of the premises, defendant prays that this Honorable Court issue its rule to be served upon the said plaintiff, W. D. McAdoo, requiring him upon a short day to be named by the Court to show cause why his said bill of complaint should not be stricken from the files, and why he should not be held in contempt of Court for having filed the same, and that, upon a hearing thereof in due course this Honorable Court order that the said bill of complaint be summarily stricken from the files and the said cause of

action dismissed and that the said W. D. McAdoo be held in contempt of court, and for such other relief as may be appropriate under the circumstances."

The final decree of December 27, 1935, was attached to and made a part of the motion, as was also the bill of complaint in the suit in which that decree was entered.

In the decree it is ordered, adjudged and decreed:

"1. That the defendants and each of them, have confessed the matters and things averred in the bill of complaint, and that a decree *pro confesso* has been entered against them, which said decree is hereby confirmed.

"2. That the equities of the cause are with the plaintiffs and the said plaintiffs are entitled to all of the relief prayed against the defendants, and each of them.

"3. The said defendants, to-wit, W. D. McAdoo, Nina McAdoo, his wife, Nina McAdoo as trustee for Nina Josephine McAdoo, and Nina Josephine McAdoo, have no title to or interest in the properties described in the bill of complaint, or any of them, to-wit, those certain lots, tracts and parcels of land in Pinellas County, Florida, and particularly described as follows:

"Lot Three (3) of Block Forty-two (42), and Lot Seventeen (17) of Block Eighty-six (86) of the Map of St. Petersburg Beach Subdivision, according to Plat Book 5, pages 28 and 29.

(Further description of properties in this decree is omitted.)

"That said defendants did not have title to or any interest in the said properties, or any of them, at the time the dfeendants, W. D. McAdoo and Nina McAdoo, assumed to convey the said properties to Nina McAdoo as trustee for Nina Josephine McAdoo, and William Dalton McAdoo, Jr., which said deed bears the date of March 17, 1930, and

was filed for record in the office of the Clerk of the Circuit Court of Pinellas County and duly recorded and now appears of record in Deed Book 624, at page 473 of the Public Records of said County; that the said defendants had no power or right to execute the said deed and the same is a *nullity, and the said deed is hereby expunged from the public records of said county so far as it affects the said properties of the plaintiffs, and the said so-called deed is hereby adjudged and decreed to be null and void ab initio.*

"4. The defendants, W. D. McAdoo and Nina McAdoo, are hereby perpetually enjoined and restrained from further clouding in any manner or form the title to the said properties and each and every piece and parcel thereof, and all of said defendants are hereby enjoined and restrained from claiming or asserting title to the said properties or any portion thereof under the said deed, and/or as heirs at law of William Dalton McAdoo, Jr., a beneficiary named in the said deed, who has since died intestate, leaving the said W. D. McAdoo and Nina McAdoo, his father and mother, his sole heirs at law.

"5. That the said properties were at the time the defendants, W. D. McAdoo and Nina McAdoo, assumed to convey the same to Nina McAdoo as trustee aforesaid, owned and the title thereto was held by and vested in the plaintiff, International Realty Associates, Inc., and the title thereto has since remained and is at this time so vested and held, except that it has since conveyed by warranty deed the following of said properties to the plaintiff, Julia M. Bond, who owns and holds the same, to-wit: 'Lots 1, 2, 3, 4, 5, 6, 8, 9, 12, 13, 16, 17, 18, 19, 20, 21 and 22 of Block 94, according to replat of St. Petersburg Subdivision, as the same is recorded in Plat Book 5, pages 28 and 29.' Also except that it has since conveyed by warranty deed the following of said properties to the plaintiffs,

Walter Greening and Katherina Greening, who own and hold the same, to-wit: 'Lot 2 of Block 44, according to revised plat of St. Petersburg Beach Subdivision, as the same is recorded in Plat Book 5, pages 28 and 29.' Also except Lot 15, Block 72, according to replat of St. Petersburg Beach Subdivision, as the same is recorded in Plat Book 5, pages 28 and 29, which was conveyed by F. H. Rogers and wife, Anna R. Rogers, to the plaintiff, Shore Acre Properties, Inc., on June 15, 1926, and has from that date until now been held and owned and is still owned by the said plaintiff, Shore Acre Properties, Inc.

"DONE AND ORDERED at St. Petersburg, Florida, this the 27th day of December, A. D. 1935."

It is not necessary for us to discuss the merits of the bill of complaint. The record shows that it was filed without leave of court and contravened the injunctive order of that court dated December 27, 1935.

The allegations of the bill of complaint in this case show that the matters and things therein relied upon as grounds for relief were well known to this complainant at and before the time the decree of December 27, 1935, was entered, and that decree was entered in a suit to remove cloud from title as to practically all of the property involved in the instant suit and to have it adjudged and decreed that the defendants McAdoo held no right, title or interest in such property.

The decree of December 27, 1925, settled that issue between the parties and all matters which could have been interposed by the McAdoos as defenses or as grounds for affirmative relief in that suit became *res adjudicata* as between the parties when that decree became absolute. See Jones v. Morgan, 59 Fla. 542, 52 Sou. 140; Prall v. Prall, 58 Fla. 496, 50 Sou. 867, and cases there cited.

· So the orders appealed from are without error and should be, and are, affirmed.

So ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.