Lucius Knabb, Otherwise Known as L. Knabb, v. Joseph A. Duner, *et al.*

196 So. 456
Division A
Opinion Filed May 21, 1940

*H. L. Anderson,* for Appellant;

*William H. Frecker* and *Mabry, Reaves, Carlton & White,* for Appellees.

Buford, J.—On December 16, 1929, Giddings E. Mabry and O. K. Reaves, partners doing business as Mabry, Reaves & Carlton, filed a suit in chancery in the Circuit Court of Baker County against Chicago Trust Company, a corpora-

tion, in which it was alleged that such corporation had been the owner and holder as trustee of a mortgage on certain therein described lands in Baker County, Florida, had employed complainants to foreclose such mortgage, and that the mortgage was foreclosed. The property was bought in by the holder of the mortgage for the benefit of the trust and that under the deed of conveyance Chicago Trust Company became the holder of the title to the property in trust for certain *cestui ques* named.

It was alleged that attorneys' fees incident to the foreclosure suit had not been paid and the purpose of the bill was to impress the lien upon the involved real estate to the extent of the amount due complainants for their fees with interest thereon earned in connection with the foreclosure suit.

The bill was amended on December 23, 1936, making successor trustees, to-wit: Central Republic Trust Company, Charles H. Albers as receiver of Central Republic Trust Company, defendants.

On the 28th day of October, 1936, L. Knabb filed in the court in that cause a petition to be joined as a party defendant and by order of court entered on October 27, 1936, he was joined as defendant. In his motion to be joined as defendant, he alleged: "That the said defendant was prior to filing of plaintiff's amended bill of complaint and to the order and publication of notice of service upon the defendants, the bona fide purchaser for value of all the right, title and interest of the defendants in the property described in the plaintiff's bill of complaint; that the said L. Knabb is now and has been for some time prior to said service of publication been the real party in interest and is a necessary and proper party defendant as to come within the meaning and purview of Section 4918 (1) of the Compiled General Laws of the State of Florida."

He moved to dismiss the bill of complaint, which motion was denied. Knabb then filed answer in which he alleged:

"This defendant would show that he is a bona fide purchaser for value of the title, both real and equitable of the defendants, Chicago Trust Company, a corporation, as trustee under the will of Walter C. Flanders, Central Republic Trust Company, a corporation, successor by consolidation to Chicago Trust Company, in the property described in the plaintiff's Bill of Complaint; that at the time of the making of said purchase of the interest of the defendant as aforesaid this defendant had no notice either actual or constructive of any claim of the plaintiff against said property then existing or that may be enforceable against said property."

He then set up facts showing how his alleged interest accrued and alleged, in effect, that the claim of the complainants was without legal foundation.

Answer was filed by Chicago Trust Company, Central Republic Trust Company and Albers. Thereafter, on the 30th day of April, 1937, the complainants amended their amended bill of complaint in which it was alleged:

"That on the 29th day of October, 1928, Chicago Trust Company entered into a lease with L. Knabb, covering the lands which are the subject of this suit, by which said lease, the defendant for a stated consideration acquired certain turpentine, sawmill, cross-ties, cord-wood and pole rights, the terms and consideration being fully set forth in said agreement dated October 29, 1928, with a supplement thereto dated November 26, 1928. By said agreement and supplement the said L. Knabb agreed to pay twelve and one-half cents (12½c) per cup face for each cup placed on said trees, not later than May 1 of each year; $5 per thousand for all lumber manufactured from timber cut and removed from said lands, fifty cents (50c) per cord for wood cut

and removed for commercial purposes, 2% of the gross sales on all poles cut or removed, twenty-five cents (25c) each for cypress ties, and twenty cents (20c) each for pine ties, which moneys were to be paid on the 10th of each month according to the amount so used.

"Your complainants would further show that the said L. Knabb has not paid said moneys according to the said agreements, but there is now due and owing large sums, the exact amount of which your complainants are not advised, and that your complainants have a prior claim on the lands and the proceeds thereof superior to the rights of all the defendants herein, and that they are entitled to have an accounting on the part of L. Knabb for the moneys due and owing by virtue of said lease and supplement thereto; that subsequent to the filing of the last amended bill of complaint in said cause, the said L. Knabb has intervened by permission of this court as a defendant and has thus been made a party to said cause as a defendant," and prayed for an accounting from Knabb.

Motion to dismiss amendment was filed and denied.

Thereafter, Knabb filed his answer to the amended bill as amended by the amendment in which he alleged:

"This defendant would show that he is a bona fide purchaser for value of the title, both real and equitable of the defendants, Chicago Trust Company, a corporation, as trustee under the will of Walter C. Flanders, Central Republic Trust Company, a corporation, successor by consolidation to Chicago 'Trust Company in the property described in the plaintiffs' bill of complaint; that at the time of the making of said purchase of the interest of the defendant as aforesaid this defendant had no notice either actual or constructive of any claim of the plaintiff against

said property then existing or that may be enforceable against said property."

He then set out alleged contract under which he claimed to have an interest in the lands and the transactions subsequent thereto. He plead the statute of limitations and the statute of frauds as against the complaining claimants.

Master was appointed and testimony was taken. The matter was submitted to the court. On the final hearing final decree was entered wherein, amongst other things, it was decreed:

"The court further finds, and it is so ordered, that defendant L. Knabb is not a purchaser of said property as alleged in his answer and has no interest in same, except as appears by the lease and supplement hereto, no adjudication being made herein of claims arising by payment of taxes or acquisition of tax certificates."

From the final decree Knabb took appeal. The case was presented here and on May 5, 1939, this Court filed and entered its opinion and judgment in all respects affirming the decree of the Circuit Court. See Knabb, *et al.,* v. Mabry, et al., 137 Fla. 530, 188 Sou. 586.

On August 8, 1938, Knabb filed his bill of complaint in the Circuit Court of Baker County, Florida, in which he sought to set aside the deed from Central Republic Bank & Trust Company, otherwise known as Central Republic Trust Company, as trustee to Joseph A. Duner as successor trustee, and in which he claimed a contract with Central Republic Trust Company under which he was entitled to purchase the lands involved and alleged that he had made certain payments under the contract and gone into possession of the lands. He prayed relief as follows:

"1. That Central Republic Bank & Trust Company, or its officers and/or receivers, be decreed to hold title to all

the lands described in the schedule attached to and made a part of plaintiff's bill of complaint, freed and relieved of all encumbrances and unpaid taxes levied for each year 1930 to 1937 inclusive, with interest and penalties, together with an allowance to plaintiff of his attorneys and solicitors fees paid, or incurred by plaintiff in and about enforcing the lien of plaintiff therefor, in such sum as the court may deem reasonable and just, and that said defendant be required to execute and deliver to plaintiff, its contract in writing to evidence plaintiff's purchase of said lands in conformity with the terms and conditions agreed upon for the purchase and sale of said lands.

"2. That the court may determine the total sum of moneys owing to plaintiff for taxes paid by him, and on account of tax certificates purchased and held by plaintiff together with costs and attorneys' fees.

"3. That the court will decree that the deed running to defendant Duner is wholly void, as against plaintiff and that the said deed be cancelled by the decree in this cause, and the clerk of this court be required to write across the face of the record of said deed, the words 'Canceled by decree of Court,' and that defendant Joseph A. Duner, his agents, servants and attorneys be restrained and enjoined from selling, or offering for sale, or in anywise encumbering the title to any of said lands, pending plaintiff's suit, and by the final decree herein, defendant Duner, and any person by his authority, be so perpetually enjoined and restrained.

"3. That all defendants, their successors and assigns, be decreed to have no interest in the title, or lien upon any of said lands, adverse to the interest of plaintiff as lessee and as vendee of all of said lands."

The contract which Knabb relied upon was the same contract which he had set up in the former suit.

Answer was filed by Mabry, Reaves & Carlton and also by Duner in which the existence of any contract such as Knabb claimed was denied.

Duner moved to dismiss the bill, which motion was incorporated in his answer. Knabb moved to strike parts of both answers. Refinance Corporation filed an answer seeking affirmative relief against Knabb. Thereafter, Knabb amended his motions.

Motions to strike were not acted upon and Knabb amended his bill of complaint.

Reconstruction Finance Corporation amended the amended bill and, in effect, pleaded judgment in a common-law action as *res adjudicata* of the matter attempted to be litigated by Knabb against that corporation in this suit.

On February 21, 1940, Mabry, Reaves & Carlton moved to dismiss the bill of complaint in this suit, in which motion it was alleged:

"That this is the third of a series of suits now and formerly pending in this court involving the same property and the same parties involved in this action. The first suit was brought by Mabry, Reaves & Carlton to impress a lien for attorneys' fees against the said properties and the said L. Knabb intervened therein and set forth that he was the *'owner of the legal and equitable title'* of the said lands and prayed the court to so adjudge and decree, but the court adjudged the contrary to be true and specifically decreed that the said L. Knabb did not own the said property and had no interest therein, except possible interest as lessee under the Chicago Trust Company and as lienor under certain tax certificates, which he alleged that he owned, and the Court did not adjudge what, if any, rights he had as such lessee or lienor, but did specifically adjudge that he held no other interest, legal or equitable, in or to the said

property. The said decree bears the date of March 15, 1938, and was affirmed by the Supreme Court on May 5, 1939, as will more fully appear by the opinion of said Supreme Court, reported in 188 Southern, page 586. The second suit was brought by the said L. Knabb and is now pending in this court, wherein he seeks to foreclose upon the said lands the lien of the tax certificates which he avers he holds. In this, the third suit, filed August 8, 1938, he avers that he is the equitable owner of said lands by virtue of a contract made on or about the 15th day of July, 1936, wherein he, the said L. Knabb, agreed to buy and the Central Republic Bank & Trust Company, through its Receiver William L. O'Connell, and the Reconstruction Finance Corporation agreed to sell, the said lands, and the said L. Knabb prays specific performance of said agreement."

Other allegations of the motion are not essential to be set out here.

On February 29, 1940, the court entered an order which was, *inter alia:*

"Upon consideration of said motion and of the motion to dismiss incorporated in the answer of the defendants Mabry, Reaves & Carlton, it is CONSIDERED and hereby ORDERED that the bill of complaint be and the same is hereby dismissed at cost of plaintiff. The alleged equity of the bill arises out of and solely out of the purported contract which was the basis of L. Knabb's answer in the suit of Mabry, *et al.,* against Chicago Trust Company, *et al.,* and the interest of the said Knabb, if any he had, was adjudicated by the decree entered by Judge A. Z. Adkins in the said case, and was affirmed by the Supreme Court of Florida, in 188 Sou. 586; and consequently plaintiff herein could not hope to finally prevail in this cause.

"Plaintiff herein may, if he can, upon motion and amended

bill containing matters not determined or which would not properly have been determined in the case reported in 188 Sou. 586, and upon due notice to opposing counsel, present within ten (10) days from the signing of this order, a motion to reopen this cause."

On March 12, 1940, the plaintiff sought to amend his bill of complaint and filed motion seeking to be allowed to do so. In the amendment he averred, *inter alia:*

"Plaintiff further shows unto the court that in a certain cause wherein Mabry, Reaves & Carlton were plaintiffs and Chicago Trust Company, and others, were defendants, lately pending in this court, plaintiff in this cause filed a petition of intervention; which was allowed and plaintiff filed in said cause an answer; that in due course a final decree was entered in said cause wherein the trial court decreed that upon the record thus presented to the court, the plaintiff in this cause had no interest in the title to the lands involved in this cause, but the plaintiff now shows to the court that the answer filed by the defendant in said cause (plaintiff herein) wherein Mabry, Reaves & Carlton were plaintiffs, was hastily and inadvertantly drawn by defendant's counsel (plaintiff herein) and plaintiff's right or interest in the land was set forth to show that plaintiff was a bona fide purchaser of the lands and not a mere vendee under an executory contract, which had not then matured, and so it is the plaintiff says that his right and equity in the lands involved in this cause were not properly presented to the court in said answer of the plaintiff, and the plaintiff was, upon said answer, unable to prove at the hearing of said cause that he was a vendee in possession under the executory contract hereinbefore set out, because the plaintiff could not show upon the averments of his answer that he either held a deed of conveyance of the lands from the parties from

whom he had purchased the same, nor could the plaintiff show that at the time he filed said answer he was entitled to have a conveyance of the said lands made to him by the then holder of the legal title to said lands, and the plaintiff shows that the cause of action set out in the plaintiff's pleadings in this cause, is a wholly different claim than the one set out in his answer in the suit wherein Mabry, Reaves & Carlton were plaintiffs and Chicago Trust Company and others, as herein set out, has never been adjudicated by the court."

Motion was denied and Knabb appealed.

It has appeared necessary for us to set out the history of this litigation that the Bench and Bar may understand what is involved here.

While it is true that the parties are not named in this suit as they were in the suit of Knabb v. Mabry, *supra,* the record shows that they are, with the exception of Reconstruction Finance Corporation, interest of which is not involved in this appeal, in effect, the same parties, because they are successors in title to the parties to that suit and all parties to this suit were, and are, bound by the judgment in that suit.

The last quoted allegation in the answer which Knabb proposed to file shows conclusively that Knabb had his day in court to assert his claim, if any he had, to the lands involved in this suit; that he exercised that right and failed to prevail. See Knabb v. Mabry, *supra.* He now attempts to set up the same contracts and agreements upon which he relied in that suit as a basis for his present claim that he was the owner of some other interest in the lands than that which he sought to establish in the former suit.

The method of bringing the supplemental matters above referred to to the attention of the court and of having

adjudication thereon has been sanctioned by this Court in McAdoo v. International Realty Associates, Inc., 132 Fla. 747, 182 Sou. 241.

It will be observed that in the instant suit Knabb's claim for relief is based upon the identical contracts and causes of action under which he claimed affirmative relief in the suit of Knabb v. Mabry, *supra*.

And so it is that the well-established rule, "That a judgment on the merits rendered in a former suit between the parties or their privies on the same cause of action by a court of competent jurisdiction operates as an estoppel not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. See Mabson v. Christ, 104 Fla. 606, 140 Sou. 671; Wade v. Clower, 94 Fla. 817, 114 Sou. 548; Jones v. Morgan, 59 Fla. 542, 52 Sou. 140. And to like effect is Prall v. Prall, 58 Fla. 496, 50 Sou. 867, 26 L. R. A. (N. S.) 577; Tilton v. Horton, 103 Fla. 497, 137 Sou. 801, and 139 Sou. 142; Sauls v. Freeman, 24 Fla. 209, 4 Sou. 525, 12 Am. St. Rep. 190; Hay v. Salisbury, 92 Fla. 446, 109 Sou. 617; Peacock v. Feaster, 52 Fla. 565, 42 Sou. 889; Barse v. Whaley, 102 Fla. 404, 135 Sou. 879; Fidelity, etc., Co. v. Magwood, 107 Fla. 208, 145 Sou. 67; State v. Wright, 107 Fla. 178, 145 Sou. 598; Boca Raton v. Moore, 122 Fla. 350, 165 Sou. 579. See also McAdoo v. International Realty Associates, Inc., *supra*.

There are no errors in the orders challenged. The same are affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.