MATHEWS, Justice.
This is a petition for a writ of certiorari to review a final judgment of the Circuit Court of Dade County, as the appellate court which reviewed the judgment of the Civil Court of Record and ordered a judgment entered for the plaintiff, respondent here.
The suit filed in the Civil Court of Record sought to recover commissions as a licensed real estate broker upon an alleged contract to procure a purchaser. The defendant, petitioner here, filed an answer in which he: first, denied the claim; second, specifically denied that the contract was one to procure a purchaser, and affirmatively stated that the contract was to pay a commission if the broker obtained a buyer, ready, willing and able to purchase, and that he failed to do so; third, that prior litigation between the same parties covering the same subject matter constituted res adjudicata; and fourth, an equitable defense.
The plaintiff-respondent filed a motion for a summary judgment, and also, a motion for judgment on the pleadings. At a hearing on such motions the judge of the Civil Court of Record denied the motions for summary judgment and for judgment on the pleadings and entered a final judgment dismissing the cause with prejudice.
The judge of the Civil Court of Record gave his reasons for entering the order as follows:
“The within action having come on to be heard upon the Motion for Judgment on the Pleadings and Motion for Summary Judgment filed herein, and the Court having heard argument of counsel, and having had presented to it for examination the file of the action of Joseph Reitano, Jr., and Vito A. Reitano, Plaintiffs, vs. Nick Fote, and Charles Moyer, Defendants, Circuit Court, Eleventh Judicial Circuit, Dade County, Florida, Chancery No. 114037; and the Court being of the opinion that the Judgment entered in said *623 cause was decisive of the issues presented in the within cause, which said Judgment affirmed the findings made therein that Charles Moyer was not entitled to the commissions sought in the within action, and there being no factual issues between the parties hereto, and the Court believing that the Plaintiff herein may not maintain the within action, now, therefore, it is * * * ”
From the above it is apparent that the judge of the Civil Court of Record based his judgment solely upon the plea of res adjudicata.
On appeal to the Circuit Court a judgment was entered wherein the Circuit Judge held that the former suit was not a final conclusion of the matter in controversy and was not res adjudicata as to the rights of the plaintiff-respondent and then reversed the judge of the Civil Court of Record, adding the following words:
“ * * * with directions to the lower court to enter a judgment in the sum of $3,000.00 in favor of appellant, the plaintiff in the court below.”
From an examination of the record it appears that neither of the parties in the Civil Court of Record requested a jury trial, which left all matters to be tried by the trial judge. The trial judge did not pass upon any plea except that of res adjudicata. If the appellate judge was wrong in his conclusion that the plea of res adjudicata had not been sustained, the judgment of the Civil Court of Record should be reversed for that reason only and the matters covered by the other pleas left for trial by the judge of the Civil Court of Record.
It was a departure from the essential requirements of the law for the appellate Court to enter a judgment upon pleas which raised questions of fact and which should have been tried by the judge of the Civil Court of Record and not by an appellate Court. An appellate Court has no authority to try a case de novo and in this case there was not even a trial de novo but simply an order requiring a judgment to be entered without any trial upon disputed questions of fact.
As to the plea of res adjudicata, every essential element to, sustain such a plea was presented'to the trial judge. He held that the plea and the facts were sufficient and dismissed the cause of action with prejudice.
The prior litigation-was on the chancery side of the Circuit Court. That case was appealed to this Court and the record has been examined. The decision is in the case of Fote v. Reitano, Fla., 46 So.2d 891.
In the chancery case the respondent here filed an answer alleging that he was a real estate broker and had procured for Nick Fote a purchaser, ready, willing and able to buy his business and asserted that he had earned a commission of $3,000, and prayed that such sum be awarded to him. In that case there were allegations of misrepresentation against Fote. The Master stated that Moyer did not appear to offer any testimony in his behalf, and he found as a fact that there was nothing in the answer . or in the evidence submitted that Moyer was entitled to any consideration.
In the final decree the Chancellor stated:
“That the defendant, Charles Moyer, take nothing by this action.”
When the case was appealed to this Court, Moyer, did not-join-in the appeal. After the mandate went down from this Court, he was given notice óf a hearing and failed to appear or offer any testimony.
The final decree as .to Moyer in the chancery suit was not appealed by Moyer and the decree of the Court as to Moyer is final and conclusive. Thé law with reference to res adjudicata is well settled in this state. See Hay v. Salisbury, 92 Fla. 446, 109 So. 617; Malone v. Meres, 91 Fla. 709, 109 So. 677; Town of Boca Raton v. Moore, 122 Fla. 350, 165 So. 279; Knabb v. Duner, 143 Fla. 92, 196 So. 456; Catches v. Campbell, Fla., 50 So.2d 707; Wolfson v. Rubin, Fla., 52 So.2d 344.
Under the plea and undisputed facts of this case the claim of ■ the respondent, Moyer, was res adjudicata and it was a departure from the essential requirements of the law-to hold otherwise.
*624 The petition for certiorari is granted, and the order heretofore entered on appeal by the Circuit Court of the Eleventh Judicial Circuit (Dade County) is quashed, with directions for the entry of an order in accordance with this opinion.
ROBERTS, C. J., and HOBSON and DREW, JJ., concur.