PER CURIAM.
Appellant, defendant in the lower court, appeals a final summary judgment for ap-pellee, plaintiff below.
Appellee instituted suit, at law, against defendant-appellant by complaint as follows :
“Comes now the plaintiff by and •through his undersigned attorney and brings this his Complaint against the .defendant and alleges:
“1. That the defendant owes the plaintiff the sum of one thousand nine hundred thirty-eight and sixty-seven cents ($1,938.67), in accordance with a promissory note, a copy of which is attached hereto and made a part hereof as plaintiff’s exhibit ‘A’.
“2. That the defendant owes the plaintiff in addition to the above principal interest from July 15th, 1960, at the rate of eight (8) percent together with a reasonable attorney’s fee. No part of the aforesaid sums of principal, interest or attorney’s fee have been paid although demand has been made upon the defendant to pay same.
“WHEREFORE the plaintiff de■mands judgment against the defendant for the sum of one thousand nine hundred thirty-eight dollars and sixty-seven cents ($1,938.67), principal together with a reasonable attorney’s fee, interest and costs of Court.”
Defendant-appellant filed a motion to dismiss, whereupon plaintiff-appellee moved for summary judgment, supporting his motion by affidavit whereby he states that appellant owed the amount sought. Appellant filed his affidavit in opposition to the motion for summary judgment in which he stated:
“1. That he is not the maker of the note sued upon by the plaintiff, nor did the maker thereof have authority, either implied nor in fact to bind Affiant in the making of the note.
“2. That there was no consideration for the note sued upon, and that Affiant owes the plaintiff, in fact, no sums of money for services or otherwise upon the said note.
“3. That the Affiant had originally purchased an engine from the plaintiff, the purchase price of which is represented by the note. The engine, however, was subsequently returned to the plaintiff, and accepted by plaintiff.”
After hearing on the motion, the court entered a summary judgment as follows:
“This cause having come on to be heard upon the Motion for Summary Judgment and the Court having found from the Affidavits and pleadings on file and Judicial knowledge of the prior cause between the parties hereto in Chancery case '#121,463-C, that the defendant owes the plaintiff the sum of $1,938.67 together with cost of Court, interest and a reasonable attorney’s fee, it is thereupon:
“CONSIDERED, ORDERED AND ADJUDGED that the plaintiff, do have of and recover from the defendant the sum of $1,938.67 principal plus interest in the amount of $316.68 for a total of $2,255.35 together with a reasonable attorney’s fee in the amount of $325.53, *56 aggregating $2,580.88 together with cost of Court.”
The chancery case, #121,463-C, referred to in the summary judgment was an action between the same parties whereby plaintiff-appellee sought to foreclose a chattel mortgage securing a debt evidenced by the note which is the subject of the instant suit. The note is signed by one John Faix (Treas.) which signature follows the words “Jerry’s Marine Engine Service.”
The chancery case proceeded to a judgment for appellee wherein payment or, alternatively, sale of the subject chattel was ordered. Various post-decree motions were filed by appellants, including petition in the nature of a Bill of Review and Objections to Sale, but the sale was held and subsequently confirmed. Appellee purchased the subject property and received a sale certificate of title. However, appellant notified appellee that he no longer had the property and could not abide by the final decree and sale, whereupon, appellee petitioned the chancery court for modification of the decree, seeking alternatively a money judgment or permission to withdraw the suit and sue at law. The latter was granted, and the instant action and , appeal ensued.
The appellant, defendant below, takes exception to the trial judge’s statement in the summary judgment that he takes judicial knowledge of the prior cause between the parties in chancery case #121,463-C. Appellant argues that chancery case #121,463-C was not before the trial court and that this court would not be able to determine what was involved in the prior case merely by reason of the trial judge’s judicial knowledge of that case when such record was not part of the record before the trial court so as to properly be before this court on appeal.
The appellee, however, states:
“In the instant case, the same as in the case of Fote v. Moyer, supra, [Fla. 1953, 63 So.2d 622] the file in the prior case was presented to the trial judge who, in his Summary Final Judgment, made reference to the prior case and the issues determined therein.”
We note in the current case, #40537-L, that the Clerk of the Circuit Court for Hillsborough County certifies:
“ * * * that the foregoing pages l.to 87 inclusive contain a correct copy of the judgment in the case of Woodrow W. Dickey, etc. vs. Jerry Jenkins, etc. Case No. 40537-L and Case No. 121463-C and a true and correct recital and inclusion of all such original papers and proceedings in said cause as appear from the records and files in my office that have been directed to be included in said record by the directions furnished me. (Pages - to - inclusive embrace the transcribed notes of the reporter as made at the trial and' certified to me by him.)3’ (Emphasis-added.)
Included in the record is chancery case #121,463-C which shows on the outside “Exhibit to case No. 40537-L” (current case now on appeal before this court) so we must find from the certificate and the statement of the trial judge that the record in the chancery case was before the trial judge at the time of the entry of the summary judgment.
We also note from the record in the chancery case that the defenses made in the foreclosure suit were the same as the defenses attempted to be made in the common law action.
Finally, we note that the trial judge in the chancery case, in the final decree, stated:
“This cause having come on to be heard upon final hearing upon the Complaint and the Answer herein and the Court having heard testimony and the Court being fully advised in the premises, the Court finds as follows :
“1. That the Court has jurisdiction of the parties and of the subject matter.
“2. That the equities of this cause are with the Plaintiff.
*57 “3. That the allegations contained in the Complaint have been proved by competent evidence, and that there is now due and owing to the Plaintiff from the Defendant on the mortgage indebtedness described in the Complaint the sum of $1,938.67 together with interest thereon from July IS, 1960 at the rate of eight percent.
* ‡ ‡ H* ‡
“It is thereupon considered ORDERED, ADJUDGED, and DECREED as follows:
“1. That there is now due to the Plaintiff from the Defendant, Jerry’s Marine Engine Service, on the mortgage indebtedness described in the Complaint the sum of $1938.67 together with interest thereon from July 15, 1960 at the rate of eight percent.
“2. That the mortgage held and owned by the Plaintiff and being foreclosed in this cause is a first lien upon the property described in the Complaint, prior and superior to any lien, right, title, equity or interest claimed or held by the Defendant or anyone claiming by, through or under him.” (Emphasis added.)
The court then proceeded to allow attorney’s fees and order the sale of the property in question.
Subsequent thereto, Jerry’s Marine Engine Service petitioned the court to stay the order of sale to permit the defendant to file additional pleadings.
The court subsequently entered an order giving the defendant additional time and leave to amend, and providing that the sale would not be confirmed by the court until after a hearing on the amendments to be filed. The several amendments raised various defenses to the note and mortgage.
Subsequently, the defendant filed a petition in the nature of a “Bill of Review” and in addition made certain objections to the confirmation of the sale in the foreclosure. The trial judge, on March 5, 1962, entered the following order:
“This cause having come on to be heard upon Plaintiff’s Petition for confirmation of sale and Defendant’s Petition in the Nature of a Bill of Review, and the Court having heard additional testimony on Defendant’s Petition in the Nature of a Bill of Review and having heard argument of counsel and being otherwise fully advised in the premises:
“It is thereupon,
“Ordered, Adjudged and Decreed:
“1. That the Plaintiff’s Petition for confirmation of sale be and the same is hereby granted and the sale held pursuant to the Final Decree entered herein is hereby in all respects confirmed and made absolute.
“2. That Defendant’s Petition in the Nature of a Bill of Review be, and the same is hereby denied.
“3. That any and all other petitions and/or motions filed herein are hereby denied.” (Emphasis added.)
This court notes from the foregoing orders that testimony was taken before the chancery court, but we do not find in the record that any of the testimony taken, which we presume was taken for the purpose of determining the various issues that were brought before the lower court on the pleadings in the foreclosure case, is before this court.
We hold, however, that the issues tried in the chancery case, of which the court took judicial knowledge in the common law case now before us, were substantially identical to the issues in the common law case; that testimony was taken on these issues as recited by the judge in his orders; that the chancery file was properly filed as an exhibit in the summary hearing before the trial judge disposed of the issues raised by the pleadings in the common *58 law case; and, therefore, that the lower court properly determined that the appellant here, defendant below, was estopped by the chancery decree from asserting any defenses and that the plaintiff was entitled to judgment as a matter of law.
Affirmed.
KANNER, Acting C. J., and ALLEN and SMITH, JL, concur.