PAUL J. THEUS, individually and as Executor of the Estate of JOHN E. THEUS, deceased, v. JAMES C. THEUS, et al.

161 So. 76.
Division B.
Opinion Filed April 29, 1935.
Rehearing Denied, May 17, 1935.

H. M. *Hampton,* and *F. R. Hocker,* for Appellant; *Wallace E. Sturgis,* for Appellees.

ELLIS, P. J.—An appeal was taken from an order of the Circuit Court for Marion County, which affirmed the judgment of the County Judge's Court for that county revoking the probate of the will of John E. Theus, deceased.

The order revoking the probate of the will was made February 24, 1934. The appeal from that order was made to the Circuit Court on March 5, 1934. The order of the Circuit Court affirming the judgment of the County Judge's Court was entered one month later.

The Circuit Judge, Honorable W. S. Bullock, wrote a lengthy opinion in which he reviewed all the evidence in the case with much care and accuracy. In that opinion the learned judge expressed the view that the County Judge concluded that the evidence established the existence of undue influence exerted by Paul Theus upon the mind of his brother John in the execution of the will and therefore made the order of February 24, 1934, and in that view the Circuit Judge concurred.

John E. Theus died March 11, 1933. The will, which was admitted to probate, was dated November 18, 1932. The order admitting it to probate was dated March 14, 1933.

James C. Theus, Walter M. Theus and Charles J. Theus, about ten days later, filed their petition in the County Judge's Court attacking the validity of the will. There were many grounds of that petition but they may be reduced in substance to the assertion of mental incapacity of the testator

and undue influence upon him exerted by his brother, the sole devisee and legatee under the will.

Mr. John Theus was at the time of his death about sixty years of age. He died within four months after the date of the will. For more than a year he had suffered from a stroke of paralysis agitans, the usual effect of which disease is progressive nervous and mental deterioration. It is otherwise known as Parkinson's disease. It is marked by muscular tremor and weakness and a peculiar gate. Mr. Theus had all the above symptoms which multiplied and increased in severity to the point that once or twice, according to the evidence, he seemed momentarily to have lost all sense of appreciation of place and direction. In this condition his business and domestic association with his brother Paul, the sole beneficiary of his will, was complete for a period of approximately two years prior to John's death.

The nature and character of those relations unmistakably establish practically complete domination over John by Paul. The evidence also strongly tends to establish the fact of John's weak mental condition, manifested by an exaggerated valuation of a practically nonrevenue producing business, in which his brother Paul was interested, by loss of memory to a degree that rendered social intercourse exceedingly difficult and embarrassing, if not impossible, and a forgetfulness of location, probably a type of amnesia which often prevented orientation of himself and from which disease he died within four months after the date of the will.

The will was prepared by an attorney of the bar of Ocala, to whom not the slightest adverse criticism could be attached in the service rendered but who prepared the will according to the data furnished to him by Paul Theus and at the latter's request, who said that it was in accordance with the wishes of John Theus. So the will was drawn under the

direction and at the request of Paul Theus, the sole beneficiary.

While that fact is not in itself sufficient to invalidate the will, or even to raise any presumption of undue influence, it is nevertheless of such a character as generally to excise the Court to suspicious scrutiny, the suspicion being greater or less in proportion to other circumstances such as interest taken or the relation existing between testator and beneficiary. This language taken from 29 Am. and Eng. Ency. of Law, 2nd Ed. 114, was quoted approvingly in the case of Gardiner v. Goertner, 110 Fla. 377, 149 South. Rep. 186, in an opinion prepared by Commissioner Davis.

It was pointed out in that case that other cases hold that where a will is prepared by one who benefits under it a presumption arises that the will was procured by undue influence and that is especially so when the one drawing the will stands in a confidential relation to the testator.

In the Gardner v. Goertner case, *supra,* the Court said that the burden is on appellant to show that the finding and order of the probate judge and the decree affirming same were clearly erroneous. Many cases were cited in support of that rule. It is unnecessary to add to them.

Our examination of the record in this case leads us not only to the conclusion that the appellant has failed to carry that burden but that the conclusion arrived at by the County Judge, as well as that of the Circuit Judge is amply sustained by the evidence.

The many points into which the single question presented is divided in appellant's brief considered separately in the absence of the facts which such statements of the law involved should contain, does not facilitate the work of the court nor indeed may the method adopted be considered as a compliance with the rule.

The attack was made on the will upon the grounds of incapacity and undue influence. The evidence adduced led the probate court definitely to hold that the will was executed under the undue influence of Paul Theus, the sole beneficiary. The Circuit Court affirmed that decision. Therefore the question presented here is, do the facts which may be deemed to have been found by the probate court to exist, setting them forth, constitute such undue influence as exerted by Paul Theus as to invalidate the will attacked. The court answered that question in the affirmative and on appeal the Circuit Court affirmed the judgment.

The appellant here has failed to show that such conclusion of the two courts was erroneous.

The judgment of the Circuit Court is affirmed.

TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.