TERRELL, Justice.
Appellee; Mary Lucille Leach, hereinafter referred to as Leach, and one Eleanor May Holmes, hereinafter referred to as Holmes, brought separate actions to recover judgments against appellant for personal injuries. The cases were combined for trial, at the conclusion of which the jury returned a verdict for defendant as to each plaintiff. A new trial was granted as to Leach but motion therefor was denied as to Holmes. We are confronted with an appeal challenging the correctness of the order granting the new trial as to Leach.
The trial court prefaced his order granting Leach a néw trial with the finding that consolidation of the two cases for trial made it extremely awkward to charge the jury properly and then gave the following reasons for his order:
“The Court has carefully studied the transcript of its charge and is convinced that through awkwardness of *890 phraseology and infelicity of expression its charge could well have confused the jury. The Court is also of the opinion that its charge in several respects and in several places was erroneous in placing upon this plaintiff the legal responsibilities which the evidence did not justify.”
The cases grew out of an automobile accident which took place near the intersection of State Road 686 and U. S. Highway 19, March 29, 1952. The automobile was owned and driven by Holmes. Leach was her guest at the time. They were driving eastward from Largo on State Road 686. As they approached U. S. Highway 19, there was a traffic island parallel to and dividing the highway, the western end of which for about 40 feet was of dirt, was seeded in grass and was approximately on the same plane with the road. (As to some of these facts the testimony is in conflict.) The Holmes’ automobile struck the earth portion of the island, the wheel sank in the dirt slightly, but the car bounced along the pavement for some distance, catapulted through the air over or about two other concrete islands, surrounded by curbs about nine inches high, turned over several times and came to rest right side up on the driveway of a filling station, at 1:40 a. m., 315 feet from where it first struck the safety island. The occupants are alleged to have suffered serious injury from this early morning venture.
Appellant had a contract with the state dated January 16, 1951, to widen and improve State Road 686 and U. S. Highway 19 for 9.3 miles at the intersection. Said contract also included installations of the traffic island. The state furnished plans for construction of these improvements and it appears that. they were constructed according to specifications. The contract required defendant-contractor to supply “all necessary barricades, lights, danger signals and signs” to protect the public during construction but it did not require the erection of permanent traffic or warning signs, nor the painting of traffic control signs or warnings on the highway. This was to be done by the state when the work was accepted. The contractor was also required to keep State Road 686 open for traffic at all times and at the time of the accident, March 29, 1952, all the primary construction at the intersection in question had been completed and opening of the road for traffic approved. In May, 1952, the project was completed and accepted conditionally for maintenance by the state.
It appears undisputed that State Road 686 on which the accident took place was open for traffic, that the work on it was substantially completed and that there was a “slow” sign and a “stop” sign to warn those approaching U. S. Highway 19. As to whether or not there were other required warning signs, the evidence is not clear. In his order granting a new trial, it is pointed out: “The Court is also of the opinion that its charge in several respects and in several places was erroneous in placing upon this plaintiff the legal responsibilities which the evidence did not justify.” Except for this language, there might be reason to reverse the judgment appealed from, but in the face of such a pronouncement, we do not think reversal would be proper because it is not possible for us to tell exactly what the court had in mind.
The language in the order granting a new trial for Leach indicates that the trial judge presumably had in mind, among other things, the following portion of his charge:
“If you should find that this was just one of those unfortunate things, nobody’s fault, just one of those unfortunate catastrophes that occasionally happen, then, of course, you should bring in a verdict for the defendant. Because the defendant is not liable unless the defendant wás the sole, proximate cause — unless the defendant’s negligence was the sole proximate cause of the accident complained of.”
Such a charge might lead to the conclusion that if the evidence pointed to Brin- *891 son’s and Holmes’ joint negligence as the proximate cause of the accident, Leach could in no event recover.
The jury evidently considered that Holmes and Leach were both guilty of contributory negligence and denied them relief. Absent something not obvious to us but may have been to the trial judge, there is reason for the conclusion reached by the jury. Unless Leach can show that she in some way warned Holmes of the dangerous manner in which she was driving or attempted in some way to exercise control over the car and the driver, the negligence of Holmes may be attributable to her (Leach) and she cannot recover. There were points in the case on which the evidence was in conflict but it appears that every one connected with it got misled, confused or messed up in about the same manner admitted by the trial court, for which the ends of justice require a new trial.
There is another matter that we cannot refrain from calling attention to. The only point for decision is whether or not the court committed error in granting a new trial, yet we are confronted with almost 100 pages of brief, approximately 500 pages of record and exhibits. The rule as to preparation of questions on appeal pointed out in Kneale v. Kneale, Fla., 67 So.2d 233, Theus v. Theus, 119 Fla. 190, 161 So. 76, and as to preparation of the record pointed out in Rubinow v. Rubinow, Fla., 40 So.2d 561, was overlooked or ignored, imposing an extra burden on the court and unnecessary expense to the litigant.
The judgment appealed from is therefore affirmed.
Affirmed.
DREW, C. J., concurs specially.
THORNAL, J., and PRUNTY, Associate Justice, concur.