ORVIL L. DAYTON, Associate Judge.
The parties to this cause were divorced by a final decree of the Circuit Court for Alachua County entered on August 28, 1957. A comprehensive property settlement agreement between the parties was ratified by and incorporated in the final decree. The terms of the agreement provided that all the property owned by the parties was to be sold or otherwise disposed of and all debts owed by either of the parties paid, thereafter the parties should share equally in the net proceeds of the sale and in any assets remaining.
One item of indebtedness to be paid by the parties consisted of an obligation of $385 to Hillcrest Memorial Park for the purchase of a cemetery lot. On December 17, 1957, Plaintiff filed a petition for rule to show cause alleging that Defendant had not complied with provisions related to the payment of this obligation. On the hearing held on this petition, the lower court ordered that this obligation should be paid one-half by plaintiff and one-half by defendant. Thereafter, on February 14, 1958, plaintiff filed another petition for rule to show cause alleging that defendant still had not complied with the final decree as to this same item. Upon a hearing held on this petition, the Chancellor ruled that the sum of $385, in the hands of the attorney for the defendant, derived from the sale of the proceeds from the first order be divided and distributed between the two parties. The Chancellor further held:
“It is evident to the Court that the parties to this cause, both of whom are adults above the average intelligence, cannot agree as to how the title to the cemetery lot in question shall be conveyed, and it is the opinion of the Court, arrived at both from the declarations of each of the parties and from personal observation, that neither party desires to share the lot with the other and in order to put an erid to this trivial controversy it is the opinion of the Court that the Three Hundred Eighty-five Dollars ($385.00) now held by William H. Chandler, attorney for defendant, shall be divided equally by Mr. Chandler and paid one-half to the plaintiff and one-half to the defendant thus leaving the parties and each of them at liberty to negotiate with Hill-crest Memorial Park for such lot or lots as he or she might desire to purchase as an individual.”
It is from this order that this appeal is taken.
It is our view that inasmuch as the agreement in question dealt only with property rights rather than with alimony and support of children that such rights became fixed by the final decree and are not subject to modification by the Chancellor, Sedell v. Sedell, Fla.App., 100 So.2d 639; Underwood v. Underwood, Fla., 64 So.2d 281; Fort v. Fort, Fla., 90 So.2d 313. Section 65.15 Fla.Statutes, F.S.A., has reference only to modification of a final decree of divorce relating to support, maintenance or alimony previously awarded by the Court, Sedell v. Sedell, supra.
While we are mindful that the order appealed from represents an effort by the Chancellor to resolve -the controversy in sl realistic and practical manner, we are, nevertheless, constrained to observe that in so doing he exceeded his authority. The property rights vested under the terms of tfye final decree, and having been finally deter *136 mined were not subject to modification. The decree contained specific provisions for disposal of the property belonging to the parties and the effect of the Court’s order was to modify the terms of the decree relative to matters other than those set forth in the statute. For the foregoing reasons the order of the Chancellor must be reversed and the cause remanded for further proceedings consistent with the views expressed in this opinion.
STURGIS, C. J., and WIGGINTON, J., concur.