295 So.2d 310 (1974)
Leila Williams MERRITT and Ophella R. Brooks, Appellants,
v.
Daniel WILLIAMS and Corine Merritt a/K/a Corine Williams, Appellees.
No. T-32.
District Court of Appeal of Florida, First District.
June 6, 1974.
*311 Elmer M. Norton, of Norton & Wood, Jacksonville, for appellants.
Ernest D. Jackson, Sr., Jacksonville, for appellees.
BOYER, Judge.
Appellants were plaintiffs in an ejectment action below. Appellees were defendants. The action involved possession and ownership of a certain parcel of property in Duval County. The final judgment contains a recitation that the parties stipulated to certain facts. One of the material issues before the trial court was whether a certain conveyance had been made for consideration. The record before us is totally devoid of any evidence on that issue. Indeed, the record on appeal consists only of the complaint, answer, copies of two deeds, the final judgment and certain post-trial motions, orders and notices. The stipulation referred to in the final judgment, if written, is not a part of the record and, if oral, has apparently not been reduced to writing. During oral arguments the attorneys for the respective parties argued various testimony alleged to have been before the trial judge but it is not before us. We presume, but do not know, that the various hearings before the judge were unreported. Although the Florida Appellate Rules provide for a stipulated record in such instances we have none.
The law is well settled that an appellate court may not properly consider a case unless the record, by one of the methods provided by the Florida Appellate Rules, reveals all evidence and proceedings which were before the trial court which are material to a resolution of the points on appeal. (Aetna Casualty and Surety Company v. Simpson, Fla.App. (1st) 1961, 128 So.2d 420; Croft v. Young, Fla.App. (1st) 1966, 188 So.2d 859)
The law is equally well settled that the findings and judgment of the trial court come to us clothed with a presumption of correctness and may not be disturbed upon appeal in the absence of a record demonstrating errors of law. (See 2 Fla.Jur., Appeals, Sections 159, 314, 346 and 347, and cases therein cited.)
The Supreme Court of Florida has repeatedly admonished district courts to beware of substituting appellate factual judgment for that of the trier of facts. Westerman v. Shell's City Inc., Sup.Ct.Fla. 1972, 265 So.2d 43; Exchange Bank of St. Augustine v. The Florida National Bank of Jacksonville, Sup.Ct.Fla. 1974, 292 So.2d 361, opinion filed February 13, 1974.
There being no error demonstrated by the record before us, the final judgment appealed from is
Affirmed.
SPECTOR, Acting C.J., and McCORD, J., concur.