300 So.2d 311 (1974)
TOWN OF LARGO, Florida, a Municipal Corporation, et al., Appellants,
v.
IMPERIAL HOMES CORPORATION, Appellee.
No. 73-733.
District Court of Appeal of Florida, Second District.
September 20, 1974.
*312 Tom R. Moore, Clearwater, for appellants.
Charlie Luckie, Jr., of Macfarlane, Ferguson, Allison & Kelly, Tampa, and R. Marlin Smith and Clifford L. Weaver of Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, for appellee.

ON MOTION TO DISMISS
MANN, Chief Judge.
We are asked to dismiss this appeal because of the failure of appellant to include in the record certain depositions and exhibits admitted into evidence at the trial. We deny the motion.
"Unless the record shows to the contrary, it shall be presumed, upon appellate proceedings, that the record transmitted to the Court contains all proceedings in the lower court material to the points presented for decision in the Court." Rule 3.6(l) F.A.R.
In considering this motion we are aware of a certain dilemma which faces an appellant who is under an obligation to cause error clearly to appear and at the same time to avoid "imposing an extra burden on the court and unnecessary expense to the litigant" by the inclusion of redundant matter.[1] Our Supreme Court admonished in Rubinow v. Rubinow,[2] that a record of 1,000 pages could well be reduced to 150. We are fully sympathetic with the view that extraneous matters should not be included in the record on appeal, yet we reserve the right to affirm in a case in which the appellant has failed to bring to the court matters which may support the judgment. The decision is not an easy one to make and we leave it to the appellant to assure itself that omitted matters cannot be relevant to the questions presented. We are confident that if it determines upon review that portions of the record may be necessary, it will request permission to supplement the record. In cases in which there is no dispute as to the superfluous nature of omitted material, it would be well for the appellee to refrain from making such a motion as this one. For example, if a question were presented to us which went solely to the matter of liability, portions of the transcript of testimony relevant only to damages would be extraneous.
In denying the motion we want to express a caveat as to a paragraph included *313 in the appellant's response. It states:
"It is clearly within this Court's power under Florida Appellate Rule 3.6(l) to correct or complete the Record-on-Appeal at this time."
We have no intention of making for the appellant the decision as to the relevance of portions of the record. The judgment appealed from may ultimately be affirmed on the assumption that omitted portions contain support for it. It is the appellant's duty to bring an adequate record, and the court will grant leave to supplement the record for that purpose. By denying this motion we do not intend to state that we have no reservations about the adequacy of this record.
Motion denied.
HOBSON and GRIMES, JJ., concur.
NOTES
[1] Brinson Construction Co. v. Leach, Fla. 1956, 86 So.2d 889, 891.
[2] Fla. 1949, 40 So.2d 561.