306 So.2d 608 (1975)
Melanie Diane WHITE, Appellant,
v.
Wallace M. WHITE, Appellee.
No. V-18.
District Court of Appeal of Florida, First District.
January 28, 1975.
John S. Winnie, Winnie & Winnie, Gainesville, for appellant.
Selig I. Goldin, Goldin & Turner, Gainesville, for appellee.
PER CURIAM.
Appellant has raised several points on appeal but our examination of the record reveals record of much of the testimony and many of the proceedings in the trial court which are necessary to an adequate review are absent therefrom.
The law is well settled that an appellate court may not properly consider a case unless the record, by one of the methods provided by the Florida Appellate Rules, reveals all evidence and proceedings which were before the trial court which are material to a resolution of the points on appeal. (Merritt v. Williams, Fla.App. 1st 1974, 295 So.2d 310 and cases therein cited.)
The law is equally well settled that the findings and judgment of the trial court come to us clothed with a presumption of correctness and may not be disturbed upon appeal in the absence of a record demonstrating errors of law. (Merritt v. Williams, supra, and authorities there cited.)
Appellate courts may not substitute their factual judgments for those for the trier of facts. (Merritt v. Williams, supra, and cases there cited.)
One of the issues relates to custody of the minor child of the parties. We note that the final judgment entered by the *609 learned trial judge provides that the minor child "is hereby removed from the custody of both the husband and the wife and is committed to the custody of the Division of Family Services for placement in a suitable foster home until otherwise ordered by the court." (Emphasis added) All courts, trial courts and appellate courts alike, must be ever mindful of the welfare of defenseless minor children, particularly those of tender years. We are confident that the trial judge will award custody of the child of the parties to this cause to a suitable relative should one be available and make application by appropriate pleading for such custody. (See Van Meter v. Murphy, Fla.App. 1st 1973, 287 So.2d 740 and In re: Interest of R.J.C., Fla.App. 1st 1974, 300 So.2d 54)
The record before us having failed to demonstrate prejudicial error, the final judgment appealed is
Affirmed.
RAWLS, C.J., and BOYER and McCORD, JJ., concur.