330 So.2d 69 (1976)
Maureen HORTON, Appellant,
v.
Robert E. HORTON, Appellee.
No. Y-34.
District Court of Appeal of Florida, First District.
April 2, 1976.
Rehearing Denied April 27, 1976.
C. Ray Greene, Jr., of Greene, Greene, Smith & Davenport, Jacksonville, for appellant.
Alban E. Brooke, of MacLean & Brooke, Jacksonville, for appellee.
RAWLS, Judge.
On April 21, 1967, the Circuit Court of Duval County, in its final judgment of divorce between the parties provided, inter alia:
"7. The defendant [husband, Robert E. Horton] shall pay the first, second and third mortgages on the marital home, totalling approximately $164.00 per month, and said payments shall include taxes and insurance as required by the mortgages on said home.
......
"9. The plaintiff [wife, Maureen Horton] shall convey to the defendant all of her right title and interest into that certain hunting lodge in the Ocala National Forrest [sic], together with all contents contained therein.
"10. The parties hereto own a 1966 Pontiac automobile, in which plaintiff claims no interest, and shall execute any instrument necessary to convey title unto defendant. The parties hereto own a 1965 Pontiac automobile, in which defendant claims no interest, and shall execute any instrument necessary to convey title thereto unto plaintiff. The 1965 Pontiac automobile is encumbered in the approximate sum of $2,000.00, at the rate of $109.00 per month, for eighteen months subsequent to March 16, 1967. The defendant shall pay one *70 half of the remaining payments by paying nine payments, commencing April 1, 1967, through and including payment due December 1, 1967, after which the balance owed shall be assumed and paid by plaintiff.
"11. Plaintiff shall execute any instrument necessary to relinquish any interest she may have in that certain corporation owned by the defendant in Cocoa Beach, Florida.
"12. If the conveyances to be made in paragraphs 6, 9, 10 and 11 hereinabove be not made within five days from date of this judgment, this judgment shall operate to transfer to the plaintiff all right, title and interest of the defendant in and to the property, and vice versa."
In the instant proceeding, the trial judge provided in the order appealed, inter alia:
"It is uncontroverted that the plaintiff sold the home in January of 1973. At that time the only mortgage upon the home was the second mortgage and there remained an approximate balance due of $4,654.96. This second mortgage was being amortized by the payment of $40.00 per month. The plaintiff contends that the final judgment would require the defendant to pay $4,654.96 at the rate of $40.00 per month until amortized.
"The Court finds that the defendant complied with the final judgment and when the home was sold and the second mortgage was paid off (all monthly payments being current at that time and paid by the defendant) the defendant is discharged from liability under this paragraph."
The final judgment entered on April 21, 1967, fixed the property rights of the parties. Sistrunk v. Sistrunk, 235 So.2d 53 (Fla.App. 4th 1970); Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948); Knabb v. Duner, 143 Fla. 92, 196 So. 456 (1940); Town of Boca Raton v. Moore, 122 Fla. 350, 165 So. 279 (1936); Sedell v. Sedell, 100 So.2d 639 (Fla.App. 1st 1958); Strozier v. Strozier, 107 So.2d 134 (Fla.App. 1st 1958); and Fowler v. Fowler, 112 So.2d 411 (Fla.App. 1st 1959). A court has authority to modify a decree for "pure" alimony, meaning "nourishment" or "sustenance" or for support and maintenance in lieu of alimony, even where the decree is based on an agreement or stipulation, but it does not have the power to modify a provision settling property rights between the parties. 10A Fla.Jur., Dissolution of Marriage, Etc., §§ 304 and 305, and cases cited therein. The provisions of the final judgment are not ambiguous. The wife was required to convey vested property rights. The husband was directed to pay certain mortgages. To now discharge the husband from liability as to the outstanding mortgage which the wife paid would deprive the wife of an approximate balance due of $4,654.96 amortized at the rate of $40.00 per month.
This judgment appealed is reversed with directions that the appellee-husband pay to the appellant-wife the sums in arrears on the outstanding mortgage and to pay the balance remaining thereon at the rate of $40.00 per month until amortized.
REVERSED.
MILLS, J., concurs.
BOYER, C.J., dissents.
BOYER, Chief Judge (dissenting).
I cannot agree that the original final judgment is free of ambiguity nor can I agree that vested property rights are here involved. The only issue is whether appellee was required by the subject final judgment to pay off the mortgages on the property which he was required to convey to appellant or whether he was required to pay the monthly installments thereon.
The final judgment in question was entered by Judge A.D. McNeil (now deceased) in 1967. The appellant urges that *71 the present trial judge incorrectly interpreted a provision of that judgment.
Paragraph seven of the final judgment is quoted in the majority opinion. It provides: "The defendant [husband] shall pay the first, second and third mortgages on the marital home, totaling approximately $164 per month, and said payments shall include taxes and insurance as required by the mortgages on said home." (Emphasis added) When appellant sold the marital home in January of 1973, there was an unpaid balance on the second mortgage in the amount of $4,654.96, the first and third mortgages having been fully paid. After the sale appellant paid the balance on the second mortgage. When appellee refused to make restitution to appellant, she filed a petition for rule to show cause.
The trial court, in its order on the petition to show cause, refused to order appellant to pay the amount of the second mortgage outstanding at the time of the sale, reasoning that by appellee having complied with paragraph six of the final judgment (which required him to convey his interest in the marital home to the wife) and by having paid the monthly installments on the mortgage until the home was sold and the second mortgage paid off, appellee was discharged from further liability.
Paragraph seven is patently ambiguous because it can be interpreted in at least two ways. Supporting the trial judge's interpretation (who, as above noted, was not the author) is the fact that the language refers to monthly payments, rather than a lump sum. The interpretation urged by appellant is that it requires appellee to pay all three mortgages on the marital home without reference to termination of that obligation.
Apparently there was no effort by either party to aid the trial court in determining the meaning and intention of the original final judgment. (See Boynton v. Canal Authority, Fla.App. 1st 1975, 311 So.2d 412)
A review of the record-on-appeal reveals that it does not contain copies of either the trial transcript or the stipulation of facts, although the parties repeatedly refer to both. We have held that an appellate court may not consider a case unless the record reveals all evidence and proceedings which were before the trial court which are material to a resolution of the points on appeal. (Merritt v. Williams, Fla.App. 1st 1974, 295 So.2d 310; White v. White, Fla.App. 1st 1975, 306 So.2d 608) As there is no transcript of the hearing below bearing on the issue of the interpretation of paragraph seven of the final judgment of divorce I am of the view that this Court is unable to make a meaningful review of the trial court's finding. Therefore, the order entered by the trial court should be affirmed.