BOYER, Chief Judge.
Appellant, defendant in the trial court, was charged in a two-count information with possession of more than five grams of cannabis (Count I) and with unlawful possession of cannabis with intent to sell same. (Count II). A motion -to quash search warrants and suppress evidence was denied and a jury convicted appellant as charged. The trial judge adjudicated him guilty of the crime charged in Count II and imposed a sentence of four years imprisonment, from which judgment and sentence this appeal is taken.
Appellant first urges that the affidavit in support of issuance of the search warrant was insufficient to present probable cause and that the affiant’s “plain view” of the contraband was not conducted from a place where the officer had a legal right to be. The affidavit recites that the affiant (Officer Von Whiddon) was informed by a confidential informant that marijuana was located at appellant’s residence and that the officer had personally observed a quantity of marijuana on appellant’s premises. At a hearing on the motion to suppress, Officer Whiddon testified that he first observed the marijuana on appellant’s property from a vantage point located on adjacent property which belonged to a neighbor of defendant. He further testified at the trial that in making a search of appellant’s property pursuant to the challenged warrant, he found two bags of marijuana, several marijuana plants inside the house and several plants growing in defendant’s backyard.
We determine that appellant’s first point is without merit and that the learned trial judge was eminently correct in denying appellant’s motion to quash the search warrant and to suppress the evidence. (Boim v. State, Fla.App. 3d 1967, 194 So.2d 313; State v. Smith, Sup.Ct.Fla.1970, 233 So.2d 396 and Findlay v. State, Sup.Ct.Fla.1975, 316 So.2d 33)
We also find to- be without merit appellant’s contention that there was insufficient evidence from whence the jury could legally find that the defendant knew of the presence of the marijuana on premises occupied jointly by him and his wife.
However, we find no evidence to support the charge that appellant possessed *825 the contraband with the intent to sell same. The quantity was not of such a magnitude as to have necessarily required such a conclusion and there was no testimony, expert or otherwise, that the amount of which appellant was in possession was of such a quantity as not to have been reasonably anticipated to have been consumed by him individually. We must therefore, as to the charge of which appellant was adjudged guilty and sentenced, possession with intent to sell, reverse. As to that count, appellant is entitled to be discharged.
Another point, so often erroneously raised as to demand our attention, is presented by the appellee’s contention that in the absence of a complete transcript of the trial proceedings and all tangible evidence there adduced, it must be presumed that the evidence supports the judgment appealed and that affirmance is therefore mandatory. Such a position is so often taken by appellees in proceedings before us that we feel compelled, for the future guidance of the appellate bar, to clarify what appears to be a general misunderstanding of the applicable Florida Appellate Rules.
Rule 3.6 b. FAR clearly places the primary responsibility upon the appellant to see that the record-on-appeal is properly prepared. (See American Baseball Cap, Inc. v. Duzinski, Fla.App. 1st 1975, 308 So.2d 639) Section d of the same rule places upon the appellant the initial burden of designating the portions of the record to be transmitted to the appellate court. However, that rule also specifically provides that the appellee shall “file his directions designating any additional portions of the record, proceedings, or evidence he deems essential to be included in the record-on-appeal”. The word “essential” as used in that rule obviously refers to those portions of the record, proceedings or evidence which were before the lower court and not designated by the appellant to be necessary for the appellate court to consider incident to the assignments of error. (In Hamlin v. State, Fla.App. 1st 1975, 298 So.2d 561, this Court recognized the impropriety of including in the record-on-appeal matters not within the scope of the assignments of error. See also Moore v. State, Fla.App. 1st 1974, 298 So.2d 561) It will be further noted that Rule 3.6 d(2) FAR requires that each party, within the time there provided, designate to the reporter the parts of the lower court proceedings which are deemed necessary for the appeal “or an affirmative statement that he does not deem any part of such proceedings necessary”. A strict interpretation of that rule would appear to estop an appellee from asserting on appeal, unless he timely designated the portion relied upon, that there were proceedings before the trial court which do not appear in the record-on-appeal.
Often overlooked is Rule 3.6 l. FAR which provides that unless the record shows to the contrary, it shall be presumed, that the record transmitted to the appellate court contains all proceedings in the lower court material to the points presented for decision. The presumption provided for in that rule places a burden upon the party relying upon deficiencies in the record to demonstrate that portions of the proceedings in the lower court were omitted from the record-on-appeal and to demonstrate the materiality of such omitted portions. Further, in order to avoid the presumption, the alleged omission must be timely raised. To hold otherwise would be contrary to the obvious intent of the rest of Rule 3.6 l. which provides for the method of correcting such an omission. (See Largo v. Imperial Homes Corporation, Fla.App. 2d 1974, 300 So.2d 311)
We have not overlooked our holdings in Merritt v. Williams, Fla.App. 1st 1974, 295 So.2d 310 and White v. White, Fla.App. 1st 1975, 306 So.2d 608, wherein we held that an appellate court may not consider a case unless the record reveals all evidence and proceedings which were before the trial court which are material to a resolution *826 of the points on appeal. Those holdings were correct under the circumstances of those cases and we do not intend to here recede therefrom. (See also Pierson v. Sharpe, Fla.App. 4th 1973, 283 So.2d 880, Dade County Board of Public Instruction v. Foster, Fla.App. 3d 1975, 307 So.2d 502, Chipola Nurseries, Inc. v. Division of Administration, etc., Fla.App. 1st 1974, 294 So.2d 357 and Largo v. Imperial Homes Corporation, supra)
We here simply hold that, in accordance with the Florida Appellate Rules, the appellant has the burden of bringing before the appellate court a record adequate to permit the court to consider appellant’s assignments of error, and arguments relating thereto, in the light of all of the relevant and material portions of the record in the trial court; and that failure of the appellant to demonstrate in the record-on-appeal support of the points by him raised precludes appellate review. Said another way, it is incumbent upon the appellant to bring to the appellate court a record sufficient . to demonstrate error. However, in the absence of a showing to the contrary, the appellate court will presume that record-on-appeal contains all proceedings of the lower court material to the points presented for decision, and an appel-lee will not be heard to urge that an appeal should fail simply because there were proceedings or evidence before the trial court which has not been made a part of the record-on-appeal, unless the appellee in so urging demonstrates the materiality of the omitted matter and also demonstrates that the appellee has discharged his duty by compliance with the above mentioned rule. (See Lithgow Funeral Centers v. Loftin, Sup.Ct.Fla.1952, 60 So.2d 745)
Bluntly stated, an appellee may not play cat and mouse with the appellant and the court by urging mandatory affirmance because of failure of appellant to bring to this Court the entire trial court record, without alleging or demonstrating materiality of the omitted portions.
Nothing here said should be construed as an abrogation of the inherent power of an appellate court to sua sponte strike a record-on-appeal, or dismiss an appeal, or to affirm the order or judgment appealed, in those cases wherein the unequivocal mandate of the Florida Appellate Rules have been flagrantly ignored. (See Smith v. Smith, Fla.App. 1st 1975, 309 So.2d 615) Nor is anything here said intended to be construed as being contrary to the principle that in the absence of a sufficient record demonstrating error (or an abuse of discretion) on the part of the trial court an appellate court will afford to the orders and judgments of the trial court a presumption of correctness, necessitating af-firmance. (See Pryor v. Pryor, Fla.App. 1st 1973, 274 So.2d 242, Merritt v. Williams, supra, and White v. White, supra, and Dinkel v. Dinkel, Sup.Ct.Fla. 1975, 322 So.2d 22)
AFFIRMED IN PART AND REVERSED IN PART.
McCORD and MILLS, JJ., concur.