349 So.2d 780 (1977)
Marlin CONNER and Otelia Conner, His Wife, Farmers and Dealers Bank of Lake Butler, Appellants,
v.
F.R. COGGINS, Appellee.
No. DD-471.
District Court of Appeal of Florida, First District.
September 2, 1977.
*781 Wayne M. Carroll, Gainesville, for appellant.
John F. Roscow, III, and Ray D. Helpling of Scruggs, Carmichael, Long, Tomlinson, Roscow, Pridgeon, Helpling & Young, Gainesville, for appellee.
McCORD, Chief Judge.
This is an appeal from final judgment of foreclosure of a mortgage. Appellant contends the action is barred by the statute of limitations. We disagree and affirm.
The final judgment contains the following finding:
"That the defense of the running of the Statute of Limitations is not available to the Defendants in this case because Florida Statutes § 95.11(2)(c) setting forth a five (5) year period must be read in pari materia with Florida Statutes § 95.281(3) which provides: `If the record of the mortgage shows that it secures an obligation payable in installments and the maturity date of the final installment of the obligation is ascertainable from the record of the mortgage, the time shall run from the maturity date of the final installment.' The Court finds that the Mortgage is of record. The Court finds that the maturity date of the final installment is ascertainable from the recorded Mortgage."
Neither the mortgage nor the installment contract were made a part of the record on this appeal. It is incumbent upon the appellant to bring to this court such parts of the record as are necessary to support his contentions on appeal. Howell v. State, 337 So.2d 823 (Fla. 1 DCA 1976); Chipola Nurseries, Inc. v. Division of Adm. Dept. of Tr., 294 So.2d 357 (Fla. 1 DCA 1974).
Appellant not having included the mortgage in the record, we must conclude that the facts contained in the above finding are correct.
From the briefs, it does not appear that there is any dispute that this suit was filed more than five years from the date of the mortgage and more than five years from the date of default, but within five years of the maturity date of the final installment; and that the instruments did not contain an acceleration clause in the event of default. We must assume from the above quoted findings of the trial court (which are undisputed by the record before us) that the maturity date of the final installment is ascertainable from the recorded mortgage.
§ 95.11, Florida Statutes (1975), provides that an action to foreclose a mortgage shall be commenced within five years. § 95.281, Florida Statutes (1975), provides *782 that if the final maturity of an obligation secured by a mortgage is ascertainable from the record of it, the lien of the mortgage encumbering real property shall terminate five years after the date of maturity. That statute also provides that if the record of the mortgage shows that it secures an obligation payable in installments and the maturity date of the final installment of the obligation is ascertainable from the record of the mortgage, the time shall run from the maturity date of the final installment. When we consider the foregoing statutes in pari materia, it is apparent that this suit was filed within the five years allowed by the statute of limitations in that it was filed within five years from the maturity date of the final installment.
Since the mortgage and the installment contract for which it was security did not contain an acceleration clause, the contract did not fully mature until there was a default in payment of the final installment. Appellee at his option could have foreclosed earlier upon a previous default, but had he done so, he would have lost the security for subsequent unmatured payments. This was a continuing contract which did not fully mature until default in payment of the final installment.
Affirmed.
BOYER and MILLS, JJ., concur.