BOYER, Judge.
By final judgment of divorce dated December 18, 1968 appellant and Lois E. Sals-man were divorced. Incorporated in the final judgment, ratified and affirmed was a separation agreement entered into between the parties.
Numbered paragraph four thereof provides in material part as follows:
“The wife is to have as her sole and exclusive property [the marital home]. The husband agrees to make all the mortgage payments which are now due or may hereafter become due upon said house and lot, which mortgage * * * has monthly payments in the approximate amount of $101. The husband’s responsibility for making these mortgage payments shall continue until the mortgage indebtedness is paid in full. All payments made by the husband on the mortgage indebtedness shall be considered lump-sum alimony, payable in periodic payments.”
The wife died in November of 1974 and her daughter was appointed personal representative of her estate. The husband (appellant) continued to make the monthly payments on the mortgage after the death of his ex-wife until January of 1977 when the property was sold by the personal representative. At that time the balance due on the mortgage in the sum of $6,118.36 was paid by the wife’s estate. When the husband failed to pay the estate the amount that was due on the mortgage at the time it was paid off, the personal representative intervened in the original divorce proceeding and obtained an order requiring the husband to pay to his former wife’s estate the “pay off balance” at the rate of $101.00 per month, which is the order here appealed. That order recited, in material part, as follows:
“This cause came on to be heard * * * upon the petition filed by the personal representative of the Estate of Lois E. Salsman, Oral Stipulation of facts by the parties, * * * and the Court finding that Garrett Salsman had made mortgage payments pursuant to the Final Judgment of Divorce entered by the Court on December 18, 1968, until January 1, 1977, such payments being in the nature of a property settlement and not subject to termination, and the Court further finding that the property in question was sold by the Estate of Lois E. Salsman in January of 1977, and at the time of the sale the balance owing by Garrett Salsman' was $6,118.36, it is therefore “ORDERED AND ADJUDGED that the Respondent, Garrett G. Salsman, shall make payments to the Estate of Lois E. Salsman in the amount of * * * $101.00 per month, until the amount of * * * $6,118.36 is fully paid. * *”
We agree with the trial court and with the appellee that this court’s opinion in Horton v. Horton, 330 So.2d 69 (Fla. 1st DCA 1976) is dispositive. Indeed, the facts of this case are much stronger than those in Horton.
AFFIRMED.
McCORD, C. J., and MELVIN, J., concur.