**David M. LEE, Plaintiff,**

v.

**ALTAMIL CORPORATION, a foreign corporation, Defendant.**

**Lynn L. LEE, Plaintiff,**

v.

**ALTAMIL CORPORATION, a foreign corporation, Defendant.**

No. 78–568–Civ–J–M.

United States District Court, M. D. Florida, Jacksonville Division.

Oct. 10, 1978.

Winston W. Jacobo, Airth, Sellers & Lewis, Live Oak, Fla., for plaintiffs.

John R. McDonough, Pitts, Eubanks, Ross & Rumberger, Orlando, Fla., for defendant.

## OPINION AND ORDER

MELTON, District Judge.

This cause was initiated in the Florida courts in August of 1977, and the present defendant, Altamil Corporation, was substituted for the original defendant by virtue of an amended complaint served on Altamil on November 3, 1977. The plaintiff's claim is based upon "serious permanent injury" sustained by the plaintiff as an alleged proximate result of a defective component of a bulk feed tank and conveying system sold by the defendant. Substantively, this case is grounded on state law.

Following the filing of this case in state court, the defendant answered the complaint and both parties proceeded with discovery as usual. The results of the parties' discovery measures indicated that the plaintiff's injuries were in fact substantial. Specifically, the plaintiff's response, in early October of 1977, to the defendant's Request to Produce contained a letter from a Dr. Edward J. Sullivan confirming the plaintiff's complete disability as of February 18, 1977; the plaintiff's response to the defendant's interrogatories stated that prior to the accident the plaintiff's average weekly income was $215.00; and the deposition of the plaintiff, taken on June 7, 1978, revealed another physician's finding of disability and fixed the plaintiff's present age at thirty-five.

On July 7, 1978, the defendant served upon the plaintiff a Request for Admissions asking (*inter alia*) that the plaintiff admit or deny that the amount in controversy in this cause exceeds $10,000. The plaintiff did not respond within thirty days and, as a result under state law, the request was deemed admitted as of August 11, 1978.

The cause is now before this Court on the defendant's petition for removal of the cause to federal court, filed on August 29, 1978, pursuant to 28 U.S.C. § 1441 (1976).

There is no question that complete diversity exists between the parties. The plaintiff does challenge the removal petition, however, on the basis that it was not filed in a timely fashion. In the Court's view, the plaintiff's position is the correct one, and accordingly the defendant's petition for removal will be denied.

The statute governing the procedure for the removal of cases, 28 U.S.C. § 1446 (1976), requires in pertinent part that a defendant who desires to remove a case to federal court file its petition for removal within thirty days of the receipt of the initial pleading in the case. *Id.* at subsection (b). The statute further provides that

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* The defendant's position is that the case stated in the initial pleading did not appear to be removable, and that its Request for Admission, deemed admitted as of August 11, 1978, was the first "pleading, motion, order or other paper" from which it could be ascertained that the case was removable. Since this is a diversity case, the jurisdictional statute, 28 U.S.C. § 1332 (1976), requires a $10,000 amount in controversy and, in essence, the defendant contends that the requisite amount in controversy did not appear of record until August 11, 1978.

■ In the opinion of the Court, there are two flaws in the defendant's position. First, the Court feels that any reasonable reading of the complaint would indicate that the amount in controversy exceeds $10,000. The complaint alleged serious permanent injury, "substantial medical expenses", "great pain and suffering," and a substantial loss of income. Even though the complaint contained no specific ad damnum clause, merely alleging the jurisdictional minimum of "damages in excess of $2,500," a fair reading of the complaint would adequately place a defendant on notice of the substantial damages involved. Accordingly, the defendant should have petitioned for the removal of the case within thirty days of its receipt of the complaint. *See Horak v. Color Metal of Zurich, Switzerland,* 285 F.Supp. 603 (D.N.J.1968).

■ The second flaw in the defendant's position is that even assuming that the initial complaint did not clearly indicate the amount in controversy, discovery documents subsequent to the complaint but prior to the defendant's July 7 Request for Admissions demonstrated beyond any reasonable doubt that the amount in controversy exceeded $10,000. It is well settled that discovery documents may be "other papers" within the meaning of 28 U.S.C. § 1446(b) (1976). *See Camden Industries Co. v. Carpenters Local Union No. 1688,* 246 F.Supp. 252 (D.N.H.), *aff'd,* 353 F.2d 178 (1st Cir. 1965); *Gilardi v. Atchison, T. & S. F. Ry.,* 189 F.Supp. 82 (N.D.Ill.1960). In the Court's view, the defendant's position that the discovery papers did not demonstrate a $10,000 amount in controversy until that specific point was admitted by the plaintiff on August 11, 1978, is hypertechnical and is, in sum, simply untenable.

For the foregoing reasons, it is hereby

ADJUDGED:

That the petition of the defendant herein, Altamil Corporation, for removal of this cause will be and the same is hereby denied.

ORDERED this 10th day of October, 1978.