PER CURIAM.
Following the defendant’s nolo contendere plea to two counts of attempted sexual battery, he was sentenced to life imprisonment on both counts with sentences to run concurrently. Following the vacation of his sentence here, Ruiz v. State, 537 So.2d 682 (Fla. 3d DCA 1989), the trial court resentenced the defendant to thirty years in prison on each count with the sentences to run consecutively. Since the defendant’s original life sentences could have been imposed consecutively, § 775.082(3)(b), Fla.Stat. (1991), the entry of consecutive thirty-year sentences does not constitute an illegal enhancement. Herring v. State, 411 So.2d 966, 971 (Fla. 3d DCA 1982). Nor is there any merit to defendant’s claim that the sentences violated his double jeopardy protection. The events out of which his convictions arose occurred in two separate criminal episodes. In pleading nolo contendere to the separate counts in the information, the defendant admitted all of the factual allegations charged against him.
*13 Finally, absent a record on appeal or transcripts to support his contentions, we cannot address the claim that the trial court erred in resentencing him in his absence and without a guidelines score sheet. Conner v. Coggins, 349 So.2d 780 (Fla. 1st DCA 1977). Nor will we address his claim that court costs and public defender’s fees were assessed against him without an opportunity to be heard. We reject this contention on authority of State v. Beasley, 580 So.2d 139, 142 (Fla.1991). A determination of his ability to pay the costs need only be made at the time the state seeks to enforce collection. Beasley, 580 So.2d at 142.
Accordingly, the order under review is affirmed.