**HARMONY HOMES, INC., a Florida corporation, Plaintiff,**

v.

**UNITED STATES of America, on Behalf of its agency, SMALL BUSINESS ADMINISTRATION, Defendant.**

No. 95–498–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

July 3, 1995.

Harry Miller Hobbs, Law Office of Harry M. Hobbs, Tampa, FL, Harmony Homes, Inc., for plaintiff.

Michael A. Cauley, U.S. Attys. Office, Tampa, FL, for defendant.

*ORDER ON PLAINTIFF'S MOTION FOR REMAND AND AWARD OF ATTORNEY'S FEES AND ON DEFENDANT'S MOTION TO DISMISS*

KOVACHEVICH, District Judge.

This cause came before the Court on Plaintiff's Motion for Remand and Award of Attorney's Fees (Docket Nos. 9–11) and Defendant's Motion to Dismiss (Docket No. 13). Upon review of the motions and supporting memoranda, and the responsive memoranda filed by the parties, this Court finds that both motions must be denied.

## I. FACTS

Plaintiff, HARMONY HOMES, INC., filed a Complaint to Foreclose Mortgage in the Circuit Court of Florida, Thirteenth Circuit, and served the complaint to the United States Attorney's Office in Tampa on June 24, 1994. After the Defendant, UNITED STATES OF AMERICA, answered the complaint, the Plaintiff filed an Amended Complaint on or about August 19, 1994. Neither the initial complaint nor the amended complaint alleged a jurisdictional basis for the suit. The Defendant answered Plaintiff's amended complaint, asserting the affirmative defense of sovereign immunity. The Defendant then moved to dismiss the case on the basis of lack of subject matter jurisdiction. On January 9, 1995, the Circuit Court entered its order dismissing the case. However, upon the Plaintiff's Motion for Rehearing, the Circuit Court rescinded its order of dismissal and allowed the Plaintiff to file another amended complaint. The Plaintiff served its Second Amended Complaint on the United States Attorney's office on March 20, 1995. The second amended complaint alleged that 15 U.S.C. § 634(b)(1) provided the state court with jurisdiction over the suit. On March 30, 1995, the Defendant filed a Notice of Removal in this Court.

## II. Plaintiff's Motion for Remand and Award of Attorney's Fees

■ Title 28 U.S.C. § 1446(b) provides that a "notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through ser-

vice or otherwise, of a copy of the initial pleading...." However, the second paragraph of § 1446(b) provides that if the initial pleading does not provide a basis for removal, a defendant may file a notice of removal "within thirty days after receipt ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...."

The Plaintiff argues that the Defendant had thirty (30) days from receipt of the Initial Complaint on June 24, 1994 in which to file its Notice of Removal to the federal district court. The Defendant filed its Notice of Removal on March 30, 1995. The Plaintiff seeks to remand this case to state court, alleging that the Notice of Removal was not filed in a timely manner. The Defendant counters that its Notice of Removal was timely because a basis for removal did not become apparent until the Plaintiff served its second amended complaint on March 20, 1995.

The Plaintiff's Initial Complaint and first Amended Complaint both failed to allege a jurisdictional basis for the suit. Nevertheless, the Plaintiff posits that a fair reading of the initial complaint adequately put the Defendant on notice that the case could be removed to federal court. The case which the Plaintiff cites to support its position is distinguishable from the instant case. In *Lee v. Altamil Corp.*, 457 F.Supp. 979 (M.D.Fla. 1978), the parties to the action were clearly of diverse citizenship. Although the complaint failed to allege damages in excess of $10,000.00 [1], it did allege "serious permanent injury, 'substantial medical expenses,' 'great pain and suffering', and a substantial loss of income." *Id.* at 981. The court found that a reasonable reading of the complaint indicated that the amount in controversy exceeded $10,000.00. *Id.* Consequently, the court held that the defendant could have ascertained that the case was removable, and

should have filed a notice of removal within thirty days of receiving the complaint. *Id.*

This case, however, does not involve federal diversity jurisdiction. Therefore, federal question jurisdiction is required.[2] This Court is unwilling to extend the holding in *Lee* to this case by requiring the Defendant to infer the appropriate federal statute. To do so would circumvent the "well-pleaded complaint rule," which "provides that federal-question jurisdiction exists only when a federal question is presented *on the face of plaintiff's properly pleaded complaint.*" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (emphasis added). No federal question appeared on the face of the Plaintiff's initial complaint or first amended complaint. The pleadings indicated only that the Plaintiff sought to foreclose two mortgages on real property owned by the Defendant. (Pl.'s Compl. ¶¶ 1, 12; Pl.'s Am.Compl. ¶¶ 1, 10.) Therefore, the Defendant had no basis upon which to remove the case to federal court.

The Plaintiff served its second amended complaint on March 20, 1995. A basis for federal question jurisdiction, 15 U.S.C. § 634(b)(1), did appear on the face of this pleading. (Pl.'s Second Am.Compl. at 1.) The Defendant filed its Notice of Removal ten (10) days later on March 30, 1995. Since a proper basis for removing this suit did not become apparent until the Plaintiff served its second amended complaint, this Court finds that the Defendant filed a timely Notice of Removal, pursuant to the second paragraph of 28 U.S.C. § 1446(b). Accordingly, the Plaintiff is not entitled to an award of attorney's fees.

### III. Defendant's Motion to Dismiss

The Defendant seeks dismissal of this case for failure to state a claim, on the ground that the Plaintiff failed to bring the action within the time prescribed by the applicable statute of limitations.[3] The mortgages Plain-

---

1. The amount in controversy required to sustain federal diversity jurisdiction is now $50,000.00. 28 U.S.C. § 1332.

2. 28 U.S.C. § 1331.

3. Under Florida law, foreclosure actions must be brought within five (5) years from the date of default, or, if the contract contains no acceleration clause in the event of default, from the maturity date of the final installment. Fla.Stat.

tiff sought to foreclose became fully due on August 9, 1989. (Pl.'s Second Am.Compl. ¶ 10.) The Plaintiff originally filed suit on June 24, 1994. The Defendant alleges that the Plaintiff did not hold the mortgages at issue on that date. The Defendant alleges further that the Plaintiff did not become holder of the mortgages until August 23, 1994, fourteen (14) days after the statute of limitations ran on August 9, 1994. Therefore, the Defendant argues, the Plaintiff lacked standing to sue on June 24, 1994, and failed to properly bring suit by August 9, 1994.

 A court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In addition, when considering a motion to dismiss, a court must consider the plaintiff's allegations as true. *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When reviewing a Rule 12(b)(6) motion to dismiss on statute of limitations grounds, as in this case, the court must determine whether the date alleged in the statement of a claim indicates that the action was not brought within the applicable statute of limitations. *Davis v. Grusemeyer,* 996 F.2d 617, 623 (3rd Cir.1993). A district court may grant such a motion when the complaint's " '. . . own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint.' " *Fortner v. Thomas,* 983 F.2d 1024, 1028 (11th Cir.1993) (quoting *Quiller v. Barclays American/Credit, Inc.,* 727 F.2d 1067, 1069 (11th Cir.1984), *cert. denied* 476 U.S. 1124, 106 S.Ct. 1992, 1993, 90 L.Ed.2d 673 (1986)).

 After reviewing the Plaintiff's complaint and amended complaints, there is no indication *on the face* of any of these pleadings that the statute of limitations bars this action. Accepting the Plaintiff's allegations as true for purposes of ruling on this motion, this Court finds that the Plaintiff became the holder of the mortgages at issue on Novem-

ber 21, 1980. Thus the Court must further find that the Plaintiff held the mortgages on June 24, 1994, when the suit was filed.

The Court notes that in its Motion to Dismiss, the Defendant refers to facts and exhibits not contained within the complaint and amended complaints. When ruling on a motion to dismiss, "[c]onsideration of matters beyond the four corners of the complaint is improper." *City of Ft. Lauderdale v. Ross, Saarinen, Bolton & Wilder, Inc.,* 815 F.Supp. 444, 446 (S.D.Fla.1992) (citing *Milburn v. United States,* 734 F.2d 762 (11th Cir.1984)). Accordingly, it is,

**ORDERED** that Plaintiff's Motion for Remand and Award of Attorney's Fees (Docket Nos. 9–11) and Defendant's Motion to Dismiss (Docket No. 13) be **DENIED.** The Defendant shall have twenty (20) days from the date of this order to file an answer to the second amended complaint.

**DONE and ORDERED.**